Howry, Judge,
delivered the opinion of the court:
Defendants’ plea to the jurisdiction raises the question of plaintiffs’ right to proceed because, as alleged in the plea, plaintiffs are aliens and not within the terms of the statute which authorizes the court to proceed. (26 Stats., 851.)
Plaintiffs and their father were born in England, and by the laws of Great Britain were subjects of the crown. But the father came to this country and settled in Nebraska, where he was residing when that State was admitted into the Union. He voted there, held office, and owned and occupied land under the homestead law. Plaintiffs resided with their father, and they also voted in all elections and held office. The evidence fails to establish that any declaration of intention to become a citizen was ever made by the father at a time when either plaintiff was under 21 years of age, or that he was naturalized; and there is no pretense that the plaintiffs themselves ever declared any intention to become citizens or undertook to obtain naturalization papers.
Wanting native birth, the fact that plaintiffs and their father held office and exercised the privilege of voting must be eliminated from consideration, unless there is something to show that they are within the terms of the statute respecting naturalization. Holding office did not supersede the act of Congress, nor is there any necessary connection between citizenship and the exercise of suffrage. The Constitution confers upon no one the right to vote, nor do the amendments confer the right. Elk v. Wilkins (112 U. S., 101) holds that there is no source of citizenship by election independent of naturalization.
But it is contended for plaintiffs that their right to prosecute this action is sustained in a noted case where a father was resident of Nebraska at the time of the admission of that State into the Union, and subsequently the son was elected governor of Nebraska and no record of naturalization was produced. In that case the court held that evidence that a person had the requisite qualifications to become a citizen, voting, holding office, and exercising the rights belonging to citizens was sufficient to warrant a jury in inferring naturalization. (Boyd v. Thayer, 143 U. S., 135.) There it was *69 not disputed that the father had tahen out his first naturali-sation papers. The exercise of the rights of citizenship by voting and holding office supplemented the claim of the naturalization of the father in the absence of papers. The son, claiming under the father’s alleged naturalization, received the benefit of the finding that naturalization had been accomplished.
The act of April 14, 1802 (2 Stats., 153), prospective in its operation and including children of aliens naturalized after its passage when “ dwelling in the United States,” must be our guide. The record fails to show anything which the court can take as proof that the necessary efforts were ever made by the father or these plaintiffs to become citizens’ so as to bring them within the terms of the statute. None of them declared any such intention. The father and the sons neglected to give the matter enough of thought to deem it important (even after the Nebraska contest suggested by the case of Boyd v. Thayer, supra) to take any step for themselves. The remedy of these plaintiffs, along' with probably 500 other aliens who sustained losses at the hands of depredating Indians and whose cases have been or are liable to be dismissed, is not with the court.
Petition dismissed.