## In re TOOMEY.

(Supreme Court, Special Term, Erie County.   February, 1908.)

ALIENS—NATURALIZATION—PROCEEDINGS—EVIDENCE.
    Under the naturalization law (Act June 29, 1906, c. 3592, § 4, subd. 2,
    34 Stat. 597 [U. S. Comp. St. Supp. 1907, p. 421]), requiring the verifica-  .
    tion of the petition of an. applicant for naturalization by witnesses who
    must state that they have personally known the applicant.to be a resident
    of the United States for five years continuously, and that they each have
    personal knowledge that the applicant is a person of good. moral character,
    etc., witnesses who had personally known the applicant for ·only two
    years were incompetent to verify ·a petition, though they had acquired

information, through correspondence with the applicant and others, as to his residence in the United States for five years.

In the matter of the application of John Toomey to be naturalized. Application postponed.

Mr. Chambers, Sp. Deputy, for the United States.

WHEELER, J. The application of the petitioner to be naturalized is temporarily denied until he complies with the requirements of subdivision 2 of section 4 of the naturalization law (Act June 29, 1906, c. 3592, 34 Stat. 597 [U. S. Comp. St. Supp. 1907, p. 421]), requiring his petition to be verified by at least two credible witnesses who shall state:

"That they have personally known the applicant to be a resident of the United States for a period of at least five years continuously, * * * and that they each have personal knowledge that the petitioner is a person of good moral character and that he is in every way qualified, in their opinion, to be admitted as a citizen of the United States."

Upon the hearing before the court it appeared from the petitioner's statement that he had resided for some five years and upwards in the city of Philadelphia before coming to the city of Buffalo, where he has since lived for something like two years. He was born in Ireland. His two witnesses were his uncle and aunt, who came to this country before the petitioner was born, and who never saw or knew him personally until he came to the city of Buffalo to live. They testified, however, that by way of occasional letters from relatives and from the petitioner they knew he had come to America and was living in Philadelphia.

We do not think this showing is a sufficient compliance with the requirements of the act to entitle the applicant to his final papers. Section 4 declares that:

"An alien may be admitted to become a citizen of the United States in the following manner and not otherwise."

If his witnesses are unable to truthfully state that "they have personally known the applicant to be a resident of the United States for a period of at least five years continuously," he cannot be admitted. Information gained by correspondence from others, or even from the applicant, does not, in our opinion, meet the plain intent of the statute. For these reasons, the admission of the applicant as a citizen must be postponed until he is able to supply the necessary proof.

So ordered.