In re RIONDA.

(District Court, S. D. New York.   June 16, 1908.)

ALIEN—PERSONS WHO MAY BECOME CITIZENS BY NATURALIZATION—ALIEN WIFE
OF FOREIGNER.

An alien woman, married to an alien, although residing in this country
and otherwise qualified, cannot become a citizen of the United States by
naturalization.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Aliens, § 122.]

Petition for Naturalization.

Henry L. Stimson and Hugh Govern, Jr., for the United States.
William Y. Clarke, for petitioner.

ADAMS, District judge.   The petitioner, Harriet Rionda, seeks
to become a citizen of this country by naturalization.   It appears that
she was born in the Kingdom of Great Britain and Ireland.   In 1889,
she was married in this country to her present husband, Manuel Ri-
onda, then, and now, a subject of the King of Spain.   She admits
that her husband has no intention of applying for American citizen-
ship.

The question is whether an alien woman dwelling in this country
and otherwise qualified, can, in the circumstances mentioned, be nat-
uralized under our laws.

The decisions upon the subject have not been uniform, but the
weight of authority establishes that the nationality of a wife is con-
trolled by that of her husband.   The subject has been discussed and
the various decisions collected in Van Dyne on Naturalization, 51–53,
inclusive.

It is explicitly provided by the United States laws:

"Sec. 3. That any American woman who marries a foreigner shall take
the nationality of her husband.   At the termination of the marital relation
she may resume her American citizenship. if abroad, by registering as an
American citizen within one year with a consul of the United States, or by
returning to reside in the United States. or, if residing in the United States
at the termination of the marital relation, by continuing to reside therein."
Act March 2, 1907, c. 2534, 34 Stat. 1228 (U. S. Comp. St. Supp. 1907, p. 381).

If, therefore, the applicant had been an American woman, she
would have taken the nationality of her foreign husband, and it is
difficult to see how a foreign born married woman is in a position to
acquire the rights given by naturalization.

The application must be denied.