UNITED STATES v. VAN DER MOLEN.

(District Court, W. D. Michigan, S. D. August 10, 1908.)

ALIENS—NATURALIZATION—TIME FOR FILING PETITION.

Under Naturalization Act June 29, 1906, c. 3592, § 4, cl. 2, 34 Stat. 596 (U. S. Comp. St. Supp. 1907, p. 421), which requires an alien applicant for citizenship to "make and file" his petition "not less than two years nor more than seven years" after he has made his declaration of intention, the right of an applicant must be complete when his petition is filed, and such provision is mandatory. A petition filed within less than two years after the declaration of intention gives the court no jurisdiction, although the hearing thereon is not until after the two years have expired.

J. Herbert Cole, Asst. U. S. Atty.

KNAPPEN, District Judge. Application is made on behalf of the United States, under section 15 of the immigration and naturalization act (Act June 29, 1906, c. 3592, 34 Stat. 601 [U. S. Comp. St. Supp. 1907, p. 427]), to cancel the certificate of citizenship issued to said respondent by the circuit court for the County of Newaygo, upon the ground that the court was without jurisdiction to admit the applicant to citizenship, from the fact that less than two years had intervened between the date of the declaration of intention and the date of the making and filing of the petition for citizenship. The declaration of intention was made March 28, 1905. The petition for citi-

zenship was filed March 9, 1907, and thus less than two years after the making of the declaration of intention. Hearing was not had, however, until after the expiration of the two years.

The second subdivision of section 4 of the act requires that the alien "shall make and file" his petition for citizenship "not less than two years nor more than seven years after he has made such declaration of intention." It seems to have been the view of the court admitting to citizenship that the two-year limitation applied to the date of admitting to citizenship, and not to the date of making and filing application therefor. I am unable to agree with this construction. The language of the subdivision in question is express and explicit that the petition shall be made and filed not less than two years after the declaration of intention. The act proceeds throughout upon the theory that the right to citizenship must exist at the date of the filing of the petition therefor. The alien's right to citizenship is, by the express terms of the act, made to depend upon his possessing the requisite qualification at the date of the making and filing of such application. To illustrate: By a later provision of the second subdivision of section 4, there is required to be attached to the petition the affidavits of two witnesses as to the continuous residence of the applicant within the United States for at least five years, and of the state, territory, or district of at least one year, "immediately preceding the date of the filing of his petition." Upon the hearing, the proof of residence within the United States and within the state or territory is directed, not to the date of the hearing, but to the date of the application. It must be made to appear to the satisfaction of the court that "immediately preceding the date of his application" the applicant has resided continuously within the United States for at least five years, and within the state or territory at least one year. The recital in the prescribed form of certificate of naturalization (not the order of the court) of finding of fact of the statutory period of residence "immediately preceding the date of the hearing of his petition" (as was required by the former naturalization law) was probably adopted by inadvertence.

If the 2-year limitation is to be construed as applying only to the date of hearing, there is no apparent reason why the application should not be made at any time, and even within a day after the filing of the declaration of intention. A construction which would permit such result is entirely out of harmony with the spirit and express provisions of the act. For example: Sections 5 and 6 require the clerk of the court to give at least 90 days' notice of the petition by public posting, showing, among other things, the date, as nearly as may be, for the final hearing of the petition, and the names of the witnesses whom the applicant expects to summon in his behalf. This notice is required to be given "immediately after filing the petition." The court is required to fix, by rule of court, stated days for hearing such petitions, and final action thereon may be had only on such stated days. Provision is also made for issuing subpœnas for the witnesses to appear upon the day set for final hearing; and by section 11 the United States is given the right to appear before the court for the purpose of cross-examining the petitioner and the witnesses pro-

duced in support of the petition concerning any matter affecting the right to admission to citizenship, together with the right to call witnesses, produce evidence, and be heard in opposition to the granting of citizenship. These provisions are inconsistent with the idea that the petition could be filed nearly two years, if desired, previous to a date when hearing could possibly be permitted.

It is clear, to my mind, that the proceedings for admission to citizenship, involving, as they do, the formal filing of a petition in court, notice to and opportunity to be heard by an opposite party, and a judicial hearing, necessarily contemplate that the applicant is entitled to the decree sought at the time of application therefor. As said by Judge Dallas, in Re Bodek (C. C.) 63 Fed. 814 (in construing the previously existing naturalization act):

"An applicant for naturalization then is a suitor, who by his petition institutes a proceeding in a court of justice for the judicial determination of an asserted right. Every such petition must, of course, allege the existence of all facts and the fulfillment of all conditions upon the existence and fulfillment of which the statutes which confer the right asserted have made it dependent."

The petition in the case under consideration showed on its face that two years had not elapsed between the declaration of intention and the making or filing of the petition.

It is true there is at first sight an apparent inconsistency between the requirement in the first subdivision of section 4, that the declaration of intention must be made "two years at least prior to his admission," and the requirement of the second subdivision, that the petition for citizenship be made and filed "not less than two years * * * after he has made such declaration of intention"; but there is no necessary inconsistency, and by the construction I have adopted effect can be given both provisions, while the construction sought by respondent would not give effect to the express provision of the second subdivision.

Is the provision in question mandatory? Section 4 declares that the alien may be admitted to citizenship in the manner provided by the act, "and not otherwise"; and section 15 makes express provision for canceling certificates of citizenship when illegally procured. The respondent does not lose his right of citizenship by making application too early, but is permitted to make new petition therefor, and without a new declaration of intention. I am constrained to hold that the explicit language of the statute, forbidding the filing of petition in less than two years after the making of declaration of intention, is mandatory. Being mandatory, the failure to comply with it is jurisdictional. It follows that the proceedings which resulted in the certificates of citizenship were without jurisdiction, and the certificates must be canceled.

An order for cancellation will accordingly be made.