## In re LIBERMAN.

(District Court, W. D. Washington, N. D.    January 31, 1912.)

ALIENS (§ 68*)—NATURALIZATION—PETITION—COMMERCE AND LABOR CERTIFICATE.

Where an alien immigrated subsequent to the passage of Act June 29, 1906, c. 3592, § 4, 34 Stat. 597 (U. S. Comp. St. Supp. 1909, p. 479), a petition for naturalization, failing to include a certificate from the Department of Commerce and Labor stating the date, place, and manner of the applicant's arrival in the United States, required by such act, is insufficient, and will be dismissed.

[Ed. Note.—For other cases, see Aliens, Dec. Dig. § 68.*]

Application of Philip Liberman for naturalization. Denied without prejudice.

John Speed Smith, Chief Naturalization Examiner, for the United States.

HANFORD, District Judge. This applicant, having heretofore filed with the clerk of this court his petition for naturalization, appeared in open court, accompanied by two witnesses, for the purpose of making the proof required to entitle him to complete his naturalization. Counsel for the government interposed an objection, alleging insufficiency of the petition, because there has not been filed a certificate from the Department of Commerce and Labor stating the date, place, and manner of the applicant's arrival in the United States.

It is the opinion of the court that this objection must be sustained, and before the applicant can be admitted to citizenship it will be necessary for him to file a new petition, conforming to the requirements of the naturalization law of 1906. One of the provisions of the fourth section of that statute reads as follows:

"At the time of filing his petition there shall be filed with the clerk of the court a certificate from the Department of Commerce and Labor, if the petitioner arrives in the United States after the passage of this act, stating the date, place, and manner of his arrival in the United States, and the declaration of intention of such petitioner, which certificate and declaration shall be attached to and made a part of said petition." 34 U. S. Stat. pt. 1, p. 597; U. S. Comp. St. Supp. 1907, p. 421; U. S. Comp. St. Supp. 1909, p. 479; F. S. A. Supp. 1909, p. 367; Pierce's Fed. Code, § 8295.

It appears by the petition filed by this applicant that his arrival in the United States was subsequent to the passage of this act, and the petition is deficient, because it lacks one of the prescribed essentials of a valid petition. The authority of courts to admit aliens to citizenship is conferred and limited by laws enacted by Congress, and all the provisions of law prescribing the procedure in the exercise of the authority are mandatory. The law requires every applicant for naturalization to file a petition with the clerk of. a court authorized to act upon it. Until 90 days after the filing of such petition shall have elapsed, the court has no jurisdiction to admit him to citizenship. It is essential to the validity of a petition that it must be full and complete in the statement of facts which the law requires. It must be verified as the law prescribes, and there must be filed with it the applicant's preliminary declaration of intention; and if his immigration into the United States shall have been subsequent to June 29, 1906, there must also be filed the certificate from the Department of Commerce and Labor required by that part of the law above quoted. Said certificate and declaration must be filed at the time of filing the petition, and both must be attached to and made part of the petition. Congress, having taken the pains to prescribe these details, intended manifestly to impose conditions which the courts are not at liberty to ignore.

This petition is denied without prejudice to the right of the applicant to file a new petition.