In re KESTELMAN.

(Circuit Court, E. D. Pennsylvania. November 12, 1908.)

ALIENS (§ 68*)—NATURALIZATION—EVIDENCE OF QUALIFICATION.

The requirement of the naturalization act of June 29, 1906, c. 3592, § 4, 34 Stat. 596 (U. S. Comp. St. Supp. 1907, p. 421), that an applicant for naturalization shall state in his petition the date of his arrival in the United States and the name of the vessel on which he came, must be given practical effect, and, where such statement is disproved prima facie by proof that the applicant's name does not appear among the passengers on the vessel named, the burden of proof is shifted to him to explain such fact to the satisfaction of the court, and his testimony that he came under a fictitious name which he cannot remember will not be accepted as satisfactory.

[Ed. Note.—For other cases, see Aliens, Dec. Dig. § 68.*]

Application for Admission to Citizenship.

William S. Gregg, Special U. S. Atty.

DALLAS, Circuit Judge (orally). Cases of this character are very difficult of decision by a single judge, where the evidence is, as I may say it is in this case, somewhat perplexing.

The applicant has complied with the requirements of the act (Act June 29, 1906, c. 3592, § 4, 34 Stat. 596 [U. S. Comp. St. Supp. 1907, p. 421]). He produces two witnesses who swear positively that they have known him in this country for five years, and he states in his petition the name of the vessel in which he claims to have made the voyage to this country. So far as these features of the case are concerned, I need say no more. Prima facie they entitle him to citizenship. But the Congress of the United States, the court is bound to assume, in requiring that the petitioner shall state the vessel in which he ar-

rived, and its time of arrival, meant to attach to the statement of those circumstances some material importance. I suppose that the Congress perceived that it would be idle for the government of the United States to contest any application for citizenship upon the ground that the statement in the petition as to length of residence in this country was erroneous, unless provision were made for details of such statement, and, if need be, for proof of some of the elements going to make up the evidence as to length of residence.

This applicant has proved by the oath of two witnesses that they have known him here for upwards of five years. The testimony of the first witness examined in court, though he was positive, was unsatisfactory to me, because it does seem to me that a witness, upon being asked, "How do you fix that as five years, and not as four?" should be able to give some reason. Still, while the evidence of that witness is not entirely satisfactory, there is nothing to justify a charge of an intention to swear falsely. The other witness was more satisfactory, because he did state a circumstance which appeals to the reason as one supporting his general statement that he had known the applicant for more than five years in this country. They may both be mistaken, however, and if, in point of fact, the applicant arrived in this country in the year 1904, they must be mistaken. The government has taken that position, and relies on the act of Congress which provides that the vessel must be named, as a means by which to correct a misstatement as to time, and by which its falsity, whether innocent or intended, if it be false, may be determined.

The government proved, prima facie, that the applicant did not arrive in this country in 1902, and there we have a shifting of the burden of proof. At the beginning the prima facie case presented by the applicant placed the burden upon the government. When the government showed prima facie that he did not come in 1902, on the vessel he said he did, then the burden of overcoming such prima facie case by counterproof or by explanation was shifted back to the applicant. Then what is the explanation? That this man came to this country under a fictitious name. I make no account of the difference in time between the 5th and 7th of August, for I regard it as of no consequence; but the explanation is that, upon that particular voyage, whether it ended on the 5th or the 7th of August, he came under a fictitious name. That is the explanation: that he had bought the "card" of another man, and that he made the voyage, which certainly extended—as the court will judicially notice—over seven or eight days, under a fictitious name, and arrived here under a fictitious name, and yet does not remember what that name was. This case, as I indicated during the argument, turns upon the question as to whether a court, required to consider the evidence pro and con, can say that an explanation of this sort is satisfactory. I do not think it is; and, in the interest of the administration of this law, the time has come when, in my opinion, courts should require something more than a mere formal procedure to entitle a man to become a citizen of the United States.

The question being passed upon is not one of perjury or no perjury in a criminal court, where a jury must be satisfied beyond a reason-

able doubt. All the judge has to do in a case of this character is to weigh the evidence upon one side and the other, making every allowance for the uncertainty of human recollection, and then to determine whether, by a preponderance of the evidence, the time required by the act of Congress for residence in the United States has been satisfactorily established. Applying these views to the testimony adduced, I decline to order a certificate of naturalization in this case.