UNITED STATES v. JOHNSON.

(Circuit Court, D. Kansas, First Division. December 18, 1908.)

No. 8,700.

ALIENS (§ 67*)—NATURALIZATION—JURISDICTION OF COURTS.

Under Naturalization Act June 29, 1906, c. 3592, § 3, 34 Stat. 596 (U. S. Comp. St. Supp. 1909, p. 478), which provides that "the naturalization jurisdiction of all courts herein specified, state, territorial and federal, shall extend only to aliens resident within the respective judicial districts of such courts," a district court of the state of Kansas has jurisdiction to naturalize aliens resident in the county where it is sitting only, its territorial jurisdiction while so sitting being restricted to that county by Dassler's Gen. St. Kan. 1905, § 2010.

[Ed. Note.—For other cases, see Aliens, Dec. Dig. § 67.*]

In Equity. Suit by the United States against Charles Peter Johnson. Decree for complainant.

H. J. Bone, U. S. Atty., and Milton M. Dearing, Sp. Asst. U. S. Atty. Godard & Valentine, for defendant.

PHILLIPS, District Judge. This is a bill to vacate the judgment of the district court of Clay county, state of Kansas, rendered on the 6th day of March, 1907, adjudging the defendant a naturalized citizen of the United States. The validity of the judgment is assailed on the ground that at the time the defendant filed his petition for naturalization he was a resident of Riley county, Kan., and not of Clay county, both counties, however, being in the same judicial district.

The question, therefore, presented for decision in this and other cases similarly situated submitted at this term of court is whether or not under the naturalization act (Act June 29, 1906, c. 3592, 34 Stat. 596 [U. S. Comp. St. Supp. 1907, p. 420; Supp. 1909, p. 477]) an alien residing in one county can be naturalized by the decree of a district court sitting in another county of the same judicial district in the state of Kansas. Under Rev. St. U. S. 1878, tit. 30, p. 378, the only requirement was that:

"An alien may be admitted to become a citizen of the United States in the following manner, and not otherwise: First, he shall declare on oath, before

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

a Circuit or District Court of the United States, or a district or Supreme Court of the Territories, or a court of record of any of the States having common-law jurisdiction, and a seal and clerk, two years, at least, prior to his admission," etc.

"Second, he shall at the time of his application to be admitted, declare on oath, before some one of the courts above specified, that he will support the Constitution of the United States," etc.

—from which it will be observed that there was nothing definite as to the venue of the application.

In view of the many abuses and impositions practiced by which unde-servers obtained from the various courts certificates of naturalization, and the difficulty of ascertaining on inquiry the domicile of the applicant and his witnesses, the present act was made more specific. It declares:

"That exclusive jurisdiction to naturalize aliens as citizens of the United States is hereby conferred upon the following specified courts:

"United States Circuit and District courts, * * * also all courts of record in any state or territory now existing, or which may hereafter be created, having a seal, a clerk, and jurisdiction in actions at law or equity, or law and equity, in which the amount in controversy is unlimited.

"That naturalization jurisdiction of all courts herein specified, state, territorial, and federal, shall extend only to such aliens resident within the respective judicial districts of such courts."

So we are referred to the laws of the state of Kansas defining the jurisdiction of state courts. The Constitution of Kansas (art. 3, par. 148) declares that:

"The judicial power of this state shall be vested in a Supreme Court, district courts, probate courts, justices of the peace, and such other courts, inferior to the Supreme Court as may be provided by law; and all courts of record shall have a seal to be used in the authentication of all process."

Turning to the statutes of the state (St. 1905, § 2010, p. 427 [Dassler]), we find under the head of "Jurisdiction:"

"There shall be in each county organized for judicial purposes, a district court, which shall be a court of record, and shall have general original jurisdiction of all matters, both civil and criminal (not otherwise provided by law) and jurisdiction in cases of appeal and error from all inferior courts and tribunals, and shall have a general supervision and control of all such inferior courts and tribunals, to prevent and correct errors and abuses."

While the state is divided into judicial districts for convenience, in which a district judge is elected, it is quite obvious that the district court for judicial purposes exists in each county as such of the judicial district. The powers and functions exercised by the court as such are limited to matters of jurisdiction within the venue of the county—that is, over persons and subjects—matter within the county, and not outside of its territorial limits, except in cases otherwise specially provided for. When sitting in a particular county, it is as a district court of that county, and not of the judicial district over which the judge is elected. The clear import, it seems to me, of the provision of the naturalization act, "that the naturalization jurisdiction of all courts herein specified, state, territorial and federal, shall extend only to aliens resident within the respective judicial districts of such courts," is that the alien applicant shall reside in the county where the district court acting on the application is held. This view best accords with the

remedial policy of the present law that for purposes of inspection by the bureau of immigration and naturalization into the grant of certificates of naturalization the record thereof may point to the residence of the party as of the county where the certificate has been granted, and where the public and parties interested may be expected to take notice of the records of the district court having jurisdiction over the person as well as the subject-matter.

It results that a decree canceling the certificate of naturalization in this case must be made.