## In re POIROT.

(District Court, S. D. New York. January 27, 1909.)

ALIENS (§ 68*)—NATURALIZATION—DECLARATION.

An alien applying under the present law for citizenship, must, irrespective of age, at least two years prior to his admission, declare his intention to become a citizen and renounce allegiance to any foreign prince, etc., generally, and particularly to the one of whom he may at the time of application be a subject, or a country of which he may be a citizen. A declaration of such nature is not sufficient unless it is by the alien himself in conformity with the law at the time it is made.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 139; Dec. Dig. § 68.*]

(Syllabus by the Judge.)

James H. Hickey, for petitioner.

Henry L. Stimson, U. S. Atty., and Hugh Govern, Jr., Asst. U. S. Atty., opposed.

ADAMS, District Judge. Camille M. Poirot, of full age, applies to become a citizen of the United States, because, on the 10th of November, 1905, he filed a petition of which the following is a copy:

"To the Supreme Court of the State of New York:

Your petitioner respectfully shows to this Court:

That his full name is Camille Poirot and that he is 22 years of age, having been born at Belford in France, on the 5th day of September 1883 that he arrived in the United States at the Port of New York on the 6th day of June 1899; that he claims the right to be naturalized because of the fact that at the time of his arrival in the United States he was a minor, being of the age of 15 years; that he has resided ever since continuously in the United States, and in the State of New York for 6 years last past, that he is a bookkeeper by occupation; that he resides at No. 231 West 16th Street in the City of New York; that he intends to summon Katharine Murray who resides at No. 178 Waverly Place in the City of New York, as a witness as to his qualifications for citizenship."

Annexed to the petition was the affidavit of Katharine Murray, sworn to on the same day, as follows:

"State of New York, City and County of New York,

Katharine Murray being duly sworn, says that she resides at No. 178 Waverly Place in the City of New York; and that she is a housekeeper by occupation, and is a citizen of the United States; that she is personally well acquainted with the above-named petitioner and has known him since the ——— day of April 1900; that the said petitioner has resided in the United States for three years next preceding his arrival at the age of twenty-one years; and that he has continued to reside therein to the present time; that said petitioner has resided five years within the United States, including three years of his minority, and in the State of New York one year, at least immediately preceding the return day of this application; and that during that time he has behaved as a man of good moral character, attached to the principles of the Constitution of the United States and well disposed to the good order and happiness of the same; and deponent verily believes that for two years next preceding this application it has been bonafide the intention of the within-named petitioner to become a citizen of the United States; that the grounds of deponent's belief are that she has re peatedly heard petitioner within and before said period of two years so declare and express himself."

The petition is opposed by the Government on the ground that the applicant has not shown that he is legally qualified.

The form used in the application to the New York Court was evidently designed for use under section 2167, Rev. St. U. S. (U. S. Comp. St. 1901, p. 1332), now repealed. Even thereunder, an applicant, in this court, was required to declare that he arrived in this country before he became 18 years of age, and that for at least two years prior it had been his intention to become a citizen, and to renounce forever all foreign allegiance, etc.

Under the present law (Act June 29, 1906, c. 3592, 34 Stat. 596 [U. S. Comp. St. Supp. 1907, p. 420]), it is required as follows:

"Sec. 4. That an alien may be admitted to become a citizen of the United States in the following manner and not otherwise:

First. He shall declare on oath before the clerk of any court authorized by this Act to naturalize aliens, or his authorized deputy, in the district in which such alien resides, two years at least prior to his admission, and after he has reached the age of eighteen years, that it is bona fide his intention to become a citizen of the United States, and to renounce forever all allegiance and fidelity to any foreign prince, potentate, state, or sovereignty, and particularly, by name, to the prince, potentate, state, or sovereignty of which the alien may be at the time a citizen or subject. * * * Provided, however, That no alien who, in conformity with the law in force at the date of his declaration, has declared his intention to become a citizen of the United States shall be required to renew such declaration."

The petitioner does not in form or substance, comply with the existing law. His application, addressed to the New York Court, simply claims the right to be naturalized, and it was never heard or disposed of. The applicant did not announce (1) his intention of becoming a citizen, nor (2) renounce allegiance to any foreign prince, etc., of whom he might be a subject, nor to the country of which he was or might have been a citizen, either generally or by name. The petition filed in the state court does not contain such a declaration of intention to become a citizen as is contemplated by section 4 of the present law.

The petition is denied.