## In re MARTINOVSKY.

(District Court, W. D. Pennsylvania. July 13, 1909.)

No. 2,163.

ALIENS (§ 68*)—NATURALIZATION—STATUTES.

Naturalization Act (Act Cong. June 29, 1906, c. 3592, 34 Stat. 596 [U. S. Comp. St. Supp. 1907, p. 421]) § 4, par. 2, requires that the petition for naturalization shall be signed by the applicant in his own handwriting, provided that, if he has filed his declaration before the passage of the act, he shall not be required to so sign his application. Section 31 declares that the act shall take effect 90 days after its passage, except that certain sections, not including section 4, shall take effect immediately. *Held* that, the act having been passed on June 29, 1906, an alien, who declared his intention to become a citizen on September 8th following, was required to sign his petition in his own handwriting as a condition to naturalization.

[Ed. Note.—For other cases, see Aliens, Dec. Dig. § 68.*]

Application by Andras Martinovsky for Naturalization.

ORR, District Judge. It appears in this case that the applicant declared his intention to become a citizen of the United States on September 8, 1906, and at that time he could not sign his name in his own handwriting. It further appears that he cannot sign his name in his own handwriting to-day. The question arises whether or not he should now be naturalized because of the provisions of paragraph 2, § 4, of the act of Congress approved June 29, 1906 (34 Stat. 596, c. 3592 [U. S. Comp. St. Supp. 1907, p. 421]), commonly called the "Naturalization Act."

That paragraph requires that the petition for naturalization shall be signed by the applicant in his own handwriting, but contains a proviso that if he has filed his declaration before the passage of said act he shall not be required to sign the petition in his own handwriting. Inasmuch as the act was passed on June 29, 1906, and the applicant's declaration of intention was made September 8, 1906, he should be refused naturalization.

It is true the thirty-first section of the act provides that the act shall take effect and be in force from and after 90 days from the date of its passage, with the proviso that certain sections, not including section 4, should go into effect immediately upon the passage of the act; and it is true that the declaration of the applicant's intention was made within the 90 days from the date of the passage of the act. But the act clearly means what it says, and that the declaration of intention was made before the act should take effect, but subsequent to its passage, is no reason why the provisions of the act should be ignored.

Let an order be drawn accordingly.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes