UNITED STATES v. ELLIS.

(Circuit Court, E. D. Louisiana, New Orleans Division. March 3, 1911.)

No. 13,790.

1. ALIENS (§ 71½,* New, Vol. 7, Key No. Series.)—NATURALIZATION—SETTING ASIDE DECREE OF NATURALIZATION—NOTICE.

Under Act Cong. June 29, 1906. c. 3592. § 15. 34 Stat. 601 (U. S. Comp. St. Supp. 1909, p. 485). authorizing proceedings to cancel certificates of citizenship, and providing that, if the holder thereof be absent from the United States or from the district in which he last had his residence. the notice shall be by publication as provided for service of summons by publication. or on absentees as provided by the laws of the state where the suit is brought. the notice must be given in the manner provided by the law of the state for service on absentees, and, where the law of a state provides for the appointment of an attorney at law as curator ad hoc to represent an absentee. service on him is sufficient.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**2.** CONSTITUTIONAL LAW (§ 92*)—VESTED RIGHTS—NATURALIZATION—CANCEL-
LATION OF CERTIFICATES—STATUTES—VALIDITY.

Act Cong. June 29, 1906, c. 3592, § 15, 34 Stat. 601 (U. S. Comp. St.
Supp. 1909, p. 485), authorizing proceedings to cancel certificates of citi-
zenship, though applying to naturalization granted before its passage,
is not void as depriving a naturalized citizen of a vested right, or impos-
ing any penalty on him, since the Constitution contemplates that only
those intending to become permanent residents shall be naturalized, or
retain their citizenship, as indicated by the 14th amendment, declaring
that all persons born or naturalized in the United States and subject to
the jurisdiction thereof are citizens thereof.

[Ed. Note.—For other cases, see Constitutional Law, Dec. Dig. § 92.*]

**3.** ALIENS (§ 71½.* New. Vol. 7, Key No. Series.)—NATURALIZATION—FRAUD.

Where one admitted to citizenship under Rev. St. § 2165 (U. S. Comp.
St. 1901, p. 1329), permitting the naturalization of persons possessing the
necessary qualifications and intending bona fide to become citizens, did
not in good faith intend to become a permanent citizen, and he made his
oath with a mental reservation to that effect, he was guilty of fraud in
procuring the decree, and Act Cong. June 29, 1906, c. 3592, § 15, 34 Stat.
601 (U. S. Comp. St. Supp. 1909, p. 485), subsequently enacted, authorizes
the cancellation of his certificate of citizenship on the ground of fraud.

**4.** ALIENS (§ 71½.* New, Vol. 7, Key No. Series.)—NATURALIZATION—FRAUD.

Where an alien was naturalized in August, 1899, and he arrived in a
foreign country November 23d following, and engaged in business there,
where he continuously resided until after the institution of a suit in
March, 1910, to cancel his certificate of citizenship, as authorized by Act
Cong. June 29, 1906, c. 3592, § 15, 34 Stat. 601 [U. S. Comp. St. 1901, p.
485), and it appeared that he had stated that he could not tell when he
could leave the foreign country and return to the United States, and that
he was not engaged solely as a representative of American trade and
commerce, and that his residence in the foreign country was not for rea-
sons of health or education, a decree setting aside the judgment of nat-
uralization and canceling his certificate of citizenship was authorized.

Suit by the United States against Moses Ellis for the cancellation
of defendant's certificate of citizenship. Decree prayed for granted.

Charlton R. Beattie, U. S. Atty.

R. H. Browne, curator ad hoc.

FOSTER, District Judge. In this case the United States brings
its bill against one Moses Ellis to cancel his naturalization, and al-
leges that it was obtained by fraud, in that he had no intention to be-
come a permanent citizen at the time he applied to be naturalized.

The proceeding is by virtue of section 15 of the Act of June 29,
1906 (Act June 29, 1906, c. 3592, 34 Stat. 601 [U. S. Comp. St. Supp.
1909, p. 485]), which provides that, if a naturalized citizen shall es-
tablish a permanent residence in any foreign country within five years
after obtaining his certificate of citizenship, proof of that fact shall
be prima facie evidence of his lack of intention to become a permanent
citizen of the United States at the time he applied for naturalization,
and further provides for service of the absentee. An attorney at law
was appointed curator ad hoc to represent him, and service of sub-
pœna was made on the curator. He demurred to the service on the
ground that the act requires service by publication, but his demurrer
was overruled. The act provides, with regard to service, as follows:

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep't Indexes

"* * * And if the holder of such certificate be absent from the United States or from the district in which he last had his residence, such notice shall be given *by publication* in the manner provided for service of summons *by publication*, or upon absentees as provided by the laws of the State or place where such suit is brought." (Italics mine).

Under the laws of Louisiana, no service by publication could be made in a case such as this, but interpreting the section so as to give it effect in all of the states, as Congress plainly intended, the words "by publication" may be considered merely directory and the clause construed to read as follows: "Such notice shall be given in the manner provided for service upon absentees," etc. The laws of Louisiana provide for the appointment of an attorney at law as curator ad hoc to represent an absentee, and I consider service on him as in this case to be sufficient. The defendant has filed an answer through his curator, and sets up the defenses that his naturalization amounted to a contract between the United States and himself and by it he acquired vested rights; that said section 15 is void, as an ex post facto law, as it applies a severe penalty to him, to wit, expatriation. The facts as shown by the certificate of the American consul at Pretoria and the certificate of naturalization, both offered by the government and not rebutted, are as follows: Moses Ellis, a subject of the Sultan of Turkey, was admitted to citizenship by the civil district court for the parish of Orleans, state of Louisiana, within the Eastern district of Louisiana, on August 11, 1899, and a certificate of citizenship was issued to him by said court. He left the United States shortly thereafter, and arrived in South Africa November 23d of the same year, and engaged in business at Johannesburg, Transvaal, where he continuously resided until after the institution of this suit March 11, 1910. The certificate of the consul shows that he applied for registration as an American citizen at Pretoria, and was notified to produce evidence to overcome the presumption that he had ceased to be an American citizen in consequence of his prolonged absence abroad; that he stated he could not tell when he would be able to leave South Africa and return to the United States; that he was not engaged solely as a representative of American trade and commerce; that his residence abroad was not for reasons of health or education; and that no controlling exigency beyond his power to foresee had prevented him from carrying out a bona fide intention of returning to the United States.

The section, as it applies to naturalizations granted before the passage of the act, is undoubtedly retrospective, but it is not therefore void. The Constitution itself contemplates that only those who intend to become permanent residents shall be naturalized or retain their citizenship, as section 1 of the fourteenth amendment provides:

"All persons born or naturalized in the United States and *subject to the jurisdiction thereof* are citizens of the United States and of the states wherein they reside."

Under the law as it was at the time the defendant was admitted to citizenship (Rev. St. 2165 [U. S. Comp. St. 1901, p. 1329]), only those persons possessing the necessary qualifications and intending bona fide to become citizens could be naturalized, so that, if the defendant did not in good faith intend to become a permanent citizen and made his

oath with a mental reservation to that effect, he was guilty of fraud in procuring the decree. It is doubtful that any action was ever instituted to cancel and set aside a judgment of naturalization before the adoption of the act of 1906, but the United States could always have sued to cancel a decree of naturalization obtained by fraud. If such a suit had been instituted, evidence of a long uninterrupted absence from the United States would certainly have been admissible. Public policy requires that no one should be naturalized except he be in the utmost good faith, and in enacting section 15 of the act of 1906 Congress has done no more than to accentuate what was already apparent, and it has not thereby deprived a naturalized citizen of a vested right nor imposed any penalty upon him.

There will be a decree as prayed for, setting aside the judgment and decree of naturalization, canceling the certificate of citizenship issued to the defendant, and perpetually enjoining him from setting up or claiming any rights as a citizen thereunder.