UNITED STATES v. OLSSON.

(District Court, W. D. Washington, S. D. May 11, 1912.)

No. 1,688.

ALIENS (§ 71½,* New, Key-No. Series)—PROCURING NATURALIZATION BY FALSE STATEMENTS—CANCELLATION OF CERTIFICATE.

An alien, who, to secure admission to citizenship, declared on oath before a court, as required by Act June 29, 1906, c. 3592, § 4, 34 Stat. 596 (U. S. Comp. St. Supp. 1907, p. 420), that he would support and defend the Constitution and laws of the United States against all enemies, foreign and domestic, and bear true faith and allegiance to the same, and that he was "attached to the principles of the Constitution of the United

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

States and well disposed to the good order and happiness of the same," in a suit brought against him by petition filed by the United States Attorney charging that he had procured his certificate of naturalization by fraud, because said representations when made were and are untrue, by his own testimony, in rebuttal of evidence introduced by the government tending to prove the averments of the petition, admitted that he advocates the elimination by the power of the ballot of property rights guaranteed by the Constitution, and that he believes that, as a consequence of the change from individual to common ownership of all the land, buildings, and industrial institutions the existing political government will be abrogated, because there will be no use for it, and that his beliefs on these subjects were entertained by him at and previous to the date of the proceedings by which he was admitted to citizenship, and omitted to make any declaration affirming his loyalty to the Constitution. *Held*, that he did in fact secure his certificate of citizenship illegally through fraud upon the court, and the government is entitled to its cancellation under section 15 of said act.

In Equity. Suit by the United States against Leonard Olsson for cancellation of certificate of citizenship. On final hearing. Decree for complainant.

W. G. McLaren, Asst. U. S. Atty., of Seattle, Wash., for the United States.

J. W. A. Nichols, of Tacoma, Wash., for respondent.

HANFORD, District Judge. This suit is prosecuted by the United States District Attorney for this district, pursuant to the fifteenth section of the Naturalization Law of June 29, 1906, c. 3592 (34 U. S. Stat. 596; U. S. Compiled Statutes Supp. 1907, p. 419; F. S. A. Supp. 1909, p. 365; Pierce's Fed. Code, § 8292), to obtain a decree setting aside and canceling a certificate of naturalization alleged to have been fraudulently obtained by the respondent. The grounds for the suit, as set forth in the government's petition, are that the respondent on the 10th day of January, 1910, obtained an order from the superior court of Pierce county, Wash., admitting him to become a citizen of the United States of America; that a certificate of citizenship was issued out of said court and delivered to him; that since said date he has claimed and now claims to be a citizen of the United States; that for the purpose of obtaining said certificate of citizenship the respondent intentionally represented to the court on the hearing of his application that:

"He was attached to the principles of the Constitution of the United States, and well disposed to the good order and happiness of the same."

Those averments and the jurisdictional facts set forth in the petition are admitted by the respondent's answer. He makes an issue, however, by denying the charge contained in the petition that the representations which he made to the court respecting his attitude toward the Constitution and government of the United States were and are contrary to the truth.

On the trial of the case the respondent appeared in person and by an attorney, and after the introduction of evidence on the part of the government tending to prove that he is now, and was at and pre-

vious to the time of being admitted to be a citizen of the United States, opposed to the form of government of this country and to the principles of the Constitution, he offered rebutting evidence and gave testimony in his own behalf, which in the opinion of the court materially aided the government's case. Answering direct interrogatories propounded by his own attorney, he denied that he is an anarchist, denied that he is opposed to organized government, and denied that he is in favor of overthrowing this government by force or violence, but omitted to make any declaration affirming his loyalty to the Constitution of the United States, and on the contrary, when tested by cross-examination, his answers to all questions respecting his attachment to the Constitution of the United States were evasive. He admitted that he is a socialist and frequenter of assemblages of socialists in which he participates as a speaker advocating a propaganda for radical changes in the institutions of the country. He claimed to have a clear understanding of the Constitution of the United States and knew that by one of its articles deprivation of life, liberty, or property without due process of law is forbidden, and yet the evidence introduced in his behalf proved that the party with which he is affiliated, and whose principles he advocates, has for its main object the complete elimination of property rights in this country. He expressed himself as being willing for people to retain their money, but insisting that all the land, buildings, and industrial institutions should become the common property of all the people, which object is to be attained, according to his belief, by use of the power of the ballot, and when that object shall have been attained the political government of the country will be entirely abrogated, because there will be no use for it. And he further admitted that his beliefs on these subjects were entertained by him at and previous to the date of the proceedings in the superior court admitting him to become a citizen of the United States.

In order to procure a certificate of naturalization, the respondent was required to comply with the provisions of the statute above cited, which is mandatory and stringent in prescribing the necessary qualifications of aliens to become citizens of the United States, and in limiting the power of the courts in naturalization proceedings. The fourth section of the act requires, among other things, that each applicant shall make and file a petition in writing setting forth that he is not a disbeliever in or opposed to organized government, or a member of or affiliated with any organization or body of persons teaching disbelief in, or opposed to, organized government; and that he shall, before he is admitted to citizenship, declare on oath in open court that he will support and defend the Constitution and laws of the United States against all enemies, foreign and domestic, and bear true faith and allegiance to the same; and provides further that it shall be made to appear to the satisfaction of the court admitting an alien to citizenship that he is attached to the principles of the Constitution of the United States, and well disposed to the good order and happiness of the same. The seventh section of the act provides:

"That no person who disbelieves in, or who is opposed to organized government, or who is a member of or affiliated with any organization entertaining and teaching such disbelief in, or opposition to organized government, * * * shall be naturalized or be made a citizen of the United States."

The fifteenth section makes it the duty of United States District Attorneys, upon affidavit showing good cause therefor, to institute proceedings in any court having jurisdiction to naturalize aliens in the judicial district in which the naturalized citizen may reside at the time of bringing the suit, for the purpose of setting aside and canceling the certificate of citizenship on the ground of fraud, or on the ground that such certificate of citizenship was illegally procured; and provides further that the court shall make an order canceling any certificate of citizenship fraudulently or illegally procured. The twenty-third section provides:

"That any person who knowingly procures naturalization in violation of the provisions of this act shall be fined not more than $5,000, or shall be imprisoned not more than five years, or both, and upon conviction the court in which such conviction is had shall thereupon adjudge and declare the final order admitting such person to citizenship, void. Jurisdiction is hereby conferred on the courts having jurisdiction of the trial of such offense to make such adjudication."

The people of this country ordained the Constitution of the United States, to form a more perfect union, establish justice, insure domestic tranquillity, provide for the common defense, promote the general welfare, and secure the blessings of liberty to themselves and their posterity, and thereby established a national government, to endure permanently. The notion that citizens of this country may absolve themselves from allegiance to the Constitution of the United States, otherwise than by expatriation, is a dangerous heresy. The nation generously and cordially admits to its citizenship aliens having the qualifications prescribed by law, but recognizing the principle of natural law, called the law of self-preservation, it restricts the privilege of becoming naturalized to those whose sentiments are compatible with genuine allegiance to the existing government as defined by the oath which they are required to take. Those who believe in and propagate crude theories hostile to the Constitution are barred.

The evidence in this case including the respondent's admissions above recited do not have to be analyzed, interpreted, or weighed in order to determine any doubtful question as to his attitude. He has no reverence for the Constitution of the United States, nor intention to support and defend it against its enemies, and he is not well disposed toward the peace and tranquillity of the people. His propaganda is to create turmoil and to end in chaos. But in order to secure a certificate of naturalization he intentionally made representations to the court which necessarily deceived the court, or his application for naturalization would have been denied. Therefore, by the petition which he was required to file and his testimony at the final hearing of his application and by taking the oath which was administered to him in open court, he perpetrated a fraud upon the United States and

committed an offense for which he may be punished as provided by law.

The case therefore comes clearly within the provisions of the law requiring the court to set aside and cancel his certificate of naturalization, and it will be so decreed.