---

### In re BUCK.

(District Court, E. D. Arkansas, E. D. May 6, 1913.)

ALIENS (§ 69*)—NATURALIZATION—PRIOR CITIZENSHIP.

Since the naturalization laws of the United States apply only to aliens, and not to citizens of the United States, a petitioner, who has once been admitted to citizenship in a state court of competent jurisdiction, is not entitled to renaturalization, in order to prove citizenship, because of the destruction of the records of the court in which he was naturalized; his remedy being by proceeding in that court to restore the record.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 147–153; Dec. Dig. § 69.*]

Application by Frederick George Buck for naturalization. Denied.

TRIEBER, District Judge. The petitioner filed an application for naturalization, which shows that he is a native of Great Britain; that he has resided in the United States more than five years; that on the 31st day of August, 1896, he made his declaration of intention to become a citizen of the United States, in proper form, before the clerk of a court of record of the state of Illinois, where he then resided; that on the 15th day of June, 1905, he was duly naturalized by the order and judgment of the circuit court of McLean county, state of Illinois, a court authorized by the acts of Congress to naturalize aliens; that a certificate of naturalization was given to him by the clerk of that court, but the same was lost by him, so that he cannot produce it; that the records of the circuit court of McLean county, Ill., containing the judgment of naturalization, have been destroyed by fire, and the petitioner has been informed by the clerk of that court that it is impossible to furnish him with a certified copy of the judgment of naturalization, by reason of the destruction of the records of that court.

The only question to be determined is whether the petitioner, having been once naturalized by a court of competent jurisdiction, and having therefore ceased to be an alien, is entitled to be again naturalized, for the purpose of enabling him to procure a certificate of naturalization, in order that he may have the evidence of his citizenship. His main object of requiring that certificate is that he has entered a homestead under the laws of the United States and is ready to make final proof, but is unable to do so, as he has no means of establishing his citizenship by a copy of the judgment naturalizing him.

The naturalization laws of the United States clearly apply only to aliens and not citizens of the United States. Title 30, Rev. Stat., and Act June 29, 1906, c. 3592, § 4, 34 Stat. 596 (U. S. Comp. St. Supp. 1911, p. 529). As the petitioner has by the judgment of the circuit court of McLean county, Ill., a court of competent jurisdiction, been naturalized, and is now a citizen of the United States, he has ceased to be an alien, and for that reason I am of the opinion that the court is without jurisdiction to entertain his petition. The loss of the certificate of naturalization or the record of the court does not deprive him of his citizenship. Citizenship having been once acquired, he continues to remain a citizen, unless the judgment should be set aside by a court of competent jurisdiction, or his American citizenship renounced by his voluntary act.

Whether his naturalization may under these circumstances be established by oral proof, or in some manner other than by a certified copy of the judgment of the circuit court of McLean county, Ill., is not before the court. The proper proceeding for him to pursue would be to apply to the court which naturalized him to restore the record of the judgment in the manner provided by the laws of the state of Illinois.

The petition will be dismissed for want of jurisdiction.