In re MONDELLI.

(District Court, E. D. Kentucky. December 31, 1915.)

ALIENS ⊙➞68—NATURALIZATION—DECLARATION OF INTENTION—STATUTORY PROVISIONS.

Act June 25, 1910, c. 401, § 3, 36 Stat. 830 (Comp. St. 1913, § 4352), provides that any person qualified to become a citizen, who has resided constantly in the United States for five years next preceding May 1, 1910, and who because of misinformation in regard to his citizenship or the requirements of the law governing naturalization has labored and acted under the impression that he was, or could become, a citizen, and has in good faith exercised the rights or duties of a citizen, or intended citizen, because of such wrongful information and belief may receive a certificate of naturalization, without proof of a declaration of intention to become a citizen. Held, that under such section the applicant must have received such wrongful information from a source which, in the ordinary course of events, might be considered authentic, and an applicant who was ignorant of the laws governing naturalization, and made no particular attempt to discover their requirements, did not come within the law, though he claimed that he had the impression, because of his arrival in the United States at the early age of 15, that he was a citizen.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 138–145; Dec. Dig. ⊙➞68.]

Petition by John Mondelli for naturalization. Petition dismissed.

COCHRAN, District Judge. This petition for naturalization was filed under section 3 of the act of Congress of June 25, 1910 (36 Stat. pages 830, 831). The petitioner did not make a declaration of his intention to become a citizen previous to the date of the filing of his petition. He was 15 years of age on the date of his arrival in the United States, and has resided in this country for 23 years. In his testimony before the court, the petitioner stated that he had not been told by any one in particular that he was a citizen of the United States, but somehow had that impression because of his arrival at an early age. He stated that he first exercised the elective franchise about 4 or 5 years prior to the date of his petition; that during the 17 years of his residence in the United States, after he had attained his majority, until within the period of 4 or 5 years preceding the filing of his petition, he had not, at any time, exercised any of the rights or duties of a citizen. He stated that he knew his father, who also re-

sides in the United States, was not a citizen, for the reason that he "did not have his naturalization papers."

In order that an alien may be qualified to apply under the provisions of the act of June 25, 1910, he must have, "because of misinformation in regard to his citizenship, * * * in good faith, exercised the rights or duties of a citizen or intended citizen of the United States because of such wrongful information." It is the opinion of the court that an applicant under this section must have received such wrongful information from a source which, in the ordinary course of events, might be considered authentic.

It is the opinion of the court that this petitioner lacked information, was ignorant of the laws relative to the naturalization of aliens, made no particular attempt to discover the requirements of the law in this regard, and does not therefore belong to the class of persons referred to in the above-mentioned act. The petition is therefore dismissed, without prejudice.