### In re DI GIOVINE.

(District Court, W. D. New York. May 7, 1917.)

1. ALIENS ☞71½, New, vol. 7 Key-No. Series—NATURALIZATION—CANCELLATION OF CERTIFICATE.

In a proceeding to cancel a certificate of citizenship, evidence *held* to show that the applicant had not resided in the United States continuously for five years preceding his application, but that he had during that time left the United States for a foreign country without intention to return.

2. ALIENS ☞62—NATURALIZATION—CITIZENSHIP.

The purpose of the law requiring aliens to reside within the United States for a period of five years preceding the filing of a petition for citizenship is to afford an opportunity for observing the conduct of the applicant for citizenship, and to enable him to familiarize himself with the local institutions and language; and in case of an applicant's failure to reside in the United States for the prescribed period, no certificate of citizenship can be granted.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 123–125.]

In Equity. In the matter of the application for naturalization of Stanislao Di Giovine. On motion to set aside and cancel a certificate of citizenship. Certificate canceled.

W. M. Ragsdale, of Pittsburg, Pa., Chief Naturalization Examiner, for the United States.

Watts, Stockwell & Hunt, of Niagara Falls, N. Y., for respondent.

HAZEL, District Judge. Objection was at first made because the proceeding to cancel was not brought under section 15 of the naturalization law of June 29, 1906 (34 Stat. 601, c. 3592 [Comp. St. 1916, § 4374]), upon a petition and hearing; but, as this objection has not been insisted upon, I shall give consideration to the merits.

[1] It is contended by the government that, if respondent had not made false statements at the preliminary examination before the naturalization examiner, the fact that he had not resided in the United

States continuously for a period of 5 years would have been ascertained. It now appears that he was absent from this country for about 18 months immediately next preceding the filing of his petition for citizenship, and the question is presented whether it was his intention, upon leaving the United States, to remain temporarily or permanently in Italy. It is shown that he had declared his intention to become a citizen of the United States and had received his first papers some time between July, 1910, and May, 1914, when he and his wife returned to Italy, continuously residing there until October 26, 1915, when respondent left Italy, arriving in New York November 15th.

While in Italy respondent entered into partnership with his brother-in-law for the manufacture and repair of jewelry, but he asserts that his failure to return more promptly to the United States was owing to the European war, Italy refusing to issue passports to all persons of military age, and that he was therefore unable to obtain a passport, and was delayed in Italy until he left there clandestinely. Although the applicant first came to the United States in 1906, going back to Italy in 1908, and returning to the United States in 1910, I find nothing to satisfy me that he intended to return to the United States after his last visit here, and believe that his return was due to the war and the possibility of enforced military service in Italy. His untruthful replies to questions put to him by the naturalization examiner leave no doubt of this in my mind.

[2] In enacting the statute requiring aliens applying for citizenship to reside continuously in the United States for a period of 5 years, it was doubtless the intention of Congress to afford the government an opportunity to observe the conduct of applicants, and to give the applicants time in which to acquire the language and to familiarize themselves with our habits and institutions. As respondent has failed to comply with the statute, I hold that the certificate of naturalization issued to him must be canceled, but without prejudice to his right to file another application.

So ordered.