## Ex parte BORCHARDT.

(District Court, E. D. South Carolina. June 28, 1917.)

### No. 238.

ALIENS ⬤⇒61—NATURALIZATION—ALIEN ENEMIES—"TIME OF APPLICATION."

Under Rev. St. § 2171 (Comp. St. 1916, § 4362), providing that no alien, who is a native, citizen, subject, or denizen of any country with which the United States are at war at the time of his application, shall be then admitted to become a citizen, the "time of his application" is the time when he presents himself in open court to be admitted, and not the time of filing the petition giving notice of the application, and hence a citizen of Germany cannot be admitted to citizenship, where his application in open court was made after a state of war existed.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 119–122.]

Application by William Borchardt for naturalization. Petition denied without prejudice.

SMITH, District Judge. This applicant is a German citizen, who made his declaration of intention on the 15th of May, 1895, in the county court of the county of Multnomah, state. of Oregon. He has served almost continuously since as a soldier in the United States army, and has had an honorable discharge certificate. Except for the fact that a state of war now exists between the United States and Germany, he would appear to fulfill the requirements of the statute and would be admitted to naturalization.

The objection is the provisions of section 2171, United States Revised Statutes, that no alien who is a native citizen or subject or a denizen of any country, state, or sovereignty with which the United States are at war at the time of his application shall be then admitted to become a citizen of the United States. In the view of the court the time of his application means when he presents himself to the court in open court to be admitted. The object of filing a petition 90 days before is to give notice of the application. The application is after the expiration of the 90 days, when he presents himself to the court and applies. Under the plain terms of the statute it seems to the court that he is now ineligible. There have been several decisions upon the subject, and the court is of opinion the better weight of the reasoning is with the decisions which have decided adversely to the admission of such applicants.

With the legislative motive and reasoning the court has nothing to do. It may be said, however, that it might well be considered whether or not the view of the Legislature was not that to subject a soldier in the army, such as a citizen of Germany, to the terrible strain to which he would be subjected if he were sent now over to Europe to maintain by force of arms under the requirement of the law the cause of the United States against that of Germany, might be to incur grave perils. However that may be, the meaning of the statute is clear. It seems to this court that the legislative instruction is that no one shall be admitted to be a citizen who at the time of his application in open court for admission is a citizen of a country with which the United States are at war. This decision might be held to await further action of Congress, but inasmuch as the applicant may desire to obtain appellate construction of the statute and review the decision of the court, it is now made.

The petition of the applicant is accordingly refused, but without prejudice to him to renew his application after the conclusion of peace between the United States and Germany.