In re NATURALIZATION OF ALIENS IN SERVICE OF ARMY OR NAVY
OF UNITED STATES.

(District Court, E. D. Missouri, E. D.   June 14, 1918.)

ALIENS ☞62—TEMPORARY NATURALIZATION.
     In view of Act March 2, 1907, c. 2534, § 2, 34 Stat. 1228 (Comp. St. 1916, §
     3959), providing for a forfeiture of naturalization if the naturalized citi-
     zen shall have resided for two years in the foreign state from which he
     came, aliens, though in the service of the army, or navy, whose intention
     it is, upon discharge from service, to return to their native countries and
     remain there permanently, are not entitled to naturalization, either under
     the general statutes or Act May 9, 1918, c. 69, for such a temporary natu-
     ralization would be a fraud on the nation, and clearly in conflict with the
     oath of allegiance.

In the matter of the naturalization of aliens in the service of the
Army or Navy of the United States.   Applications denied.

TRIEBER, District Judge.   The question has arisen in connection
with the petitions for naturalization by alien soldiers, whether an alien
in the service of the Army, who upon his examination states that it is
not his intention to reside permanently in the United States, but that
it is his intention, upon his discharge from the service, to return to his
native country, to remain there permanently, is entitled to naturaliza-
tion, either under the general naturalization statutes or Act May 9,
1918, c. 69 (Public—No. 144—65th Congress, H. R. 3132).

     While there is no restriction on the right of a naturalized citizen of
the United States to visit his native country temporarily, but with
the intention of returning to this country, which he intends in good
faith to make his permanent home, the court is of the opinion that
an alien, seeking naturalization for temporary purposes only, is not en-
titled to that high privilege.   For an alien to be naturalized is not an
inherent right, but one merely granted by a liberal government as a
matter of grace.   If Congress sees proper, it may deny it absolutely;
and, if it does grant it, it has the right to prescribe the terms and
conditions upon which it is willing to grant that privilege.   While the
statutes are silent on that subject, the intention of Congress that there
should be no naturalizations for temporary purposes may be deduced
from Act March 2, 1907, c. 2534, § 2, 34 Stat. pt. 1, p. 1228 (Comp.
St. 1916, § 3959), which provides for a forfeiture of naturalization,
if the naturalized citizen shall have resided for two years in the foreign
state from which he came.

     But, even in the absence of such a provision, the court would reach
the same conclusion, on the authority of Luria v. United States, 231
U. S. 9, 34 Sup. Ct. 10, 58 L. Ed. 101.   To seek to be naturalized
temporarily would be a fraud on the nation, and clearly in conflict with
the oath of allegiance.   Until an appellate court whose judgment is
authoritative on this court holds otherwise, such applications will be
denied in the courts over which I preside.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes