## In re ELLIOTT.

(District Court, S. D. Texas. February 12, 1920.)

1. ALIENS ⊚⟶68—APPLICANT FOR NATURALIZATION, RETURNING TO THIS COUNTRY IN 1913, MUST FILE CERTIFICATE OF ARRIVAL.

An alien coming to the United States in 1882, but thereafter living for 17 years in Mexico, where he registered at the British consulate as a British subject, and returning to the United States in 1913, must file a certificate of arrival with his petition for naturalization, as required by Act June 29, 1906, § 4, subd. 2, par. 4 (Comp. St. § 4352), in the case of aliens arriving in the United States after the passage of that act.

2. ALIENS ⊚⟶68—FILING OF CERTIFICATE OF ARRIVAL BY APPLICANT FOR NATURALIZATION IS JURISDICTIONAL.

The filing of a certificate of arrival by one applying for naturalization under Act June 29, 1906, § 4 (Comp. St. § 4352), is compulsory and jurisdictional.

3. ALIENS ⊚⟶68—NATURALIZATION ACT IS NOT CONCERNED WITH INCIDENTAL ARRIVALS IN THE COUNTRY, BUT WITH THOSE MADE BASIS FOR CLAIM OF CITIZENSHIP.

Act June 29, 1906, § 4 (Comp. St. § 4352), requiring the filing of a certificate of arrival by applicants for naturalization arriving in the country subsequent to its passage is not concerned with arrivals which are merely incidental to passage through the country, but only with those arrivals made the basis of a claim to citizenship.

Application by Dr. Richard Christopher Elliott for naturalization. On final hearing. Petition dismissed.

M. H. Anthoni, of San Antonio, Tex., Naturalization Examiner, for the United States.

HUTCHESON, District Judge. In this cause the petition shows the applicant was born on January 22, 1870, in Ireland; that he emigrated from Ireland in 1882, arriving in the United States during the same year; that he is a resident of San Diego, Duval county, state of Texas, in the Southern district, Corpus Christi division; and that he has resided continuously in the United States, in the state of Texas, since September 14, 1913.

[1] The petitioner is properly vouched for as to witnesses, as to character, and as to residence; but his petition is not supported by the certificate of landing required by the fourth paragraph of the second subdivision of section 4 of the Act of June 29, 1906 (Comp. St. § 4352). The want of this certificate is the ground of the government's objection to the admission of Dr. Elliott; the government contending that petitioner arrived in the United States after the passage of that act, and the petitioner contending that he arrived before.

If the government's contention is correct, then under the authority of United States v. Ness, 245 U. S. 319, 38 Sup. Ct. 118, 62 L. Ed. 321, petitioner's application must be denied. The evidence on this point shows that Dr. Elliott emigrated from Ireland in 1882, arriving in the United States in the same year, and that he continued to reside here until 1896, without, however, making a declaration of intention, or taking any steps to become a citizen; that in 1896 he left the United States for Mexico, where until 1913 he maintained his home and engaged in the practice of medicine. In 1913 he returned to the United States, since which date he has resided here continuously, has made his declaration of intention, and stands before this court in all respects qualified, if a certificate of arrival is not a requisite to his petition.

During the period of his residence in Mexico he owned property in the United States, his daughter was educated here, he came to and from the states with some frequency, and his wife made frequent protracted visits here. He calls attention to the fact that he had served as a sort of consular agent for the United States during part of the time he lived in Mexico, and on one or two occasions was instrumental in saving the lives of American citizens. The proof, however, further shows that about the year 1910 he registered at the British consulate, at Monterey, Nuevo Leon, Mexico, as a British subject.

Under these facts petitioner asserts that a certificate of arrival is not necessary in his case, because within the meaning of the act he arrived in 1882, and not in 1913. This contention I think both the statute and the reasons which underlie citizenship proceedings negative. Broadly speaking, three things are requisite for the conferring of citizenship: (1) Declaration of intention to become a citizen, made at the proper time and in the proper way; (2) a requisite period of continuous residence; (3) proper accrediting. In this case Dr. Elliott satisfies each of these requisites by proof dating, not from the year 1882, the period of his first arrival, but from the year 1913, the date of his arrival from the republic of Mexico, and this the logic of the facts compelled him to do. Had he sought to claim his citizenship from the time of his entry in 1882, his claim of continuous residence would have been defeated by his 17 years' absence in Mexico, and his claim of intention to become

a citizen of the United States would have been defeated by his registering with the British consul as a British subject in 1910.

[2, 3] The Ness Case determines that the filing of a certificate of arrival, as required by the Act of June 29, 1906, being a matter of substance, is compulsory and jurisdictional. The act declares that a certificate of arrival is required, if the petitioner arrived in the United States after the passage of this act. For this court to dispense with the certificate it must hold that the petitioner did not arrive in the United · States after 1906. In the face of petitioner's own application and proof, this would be, not only a difficult, but an impossible, thing to do. The act of 1906 is not concerned with arrivals in the United States which are merely incidental to the passage of persons into and through the country. It is only concerned with those arrivals which are made the basis of the claim to citizenship.

It is clear, therefore, that the contention of the government must be sustained, and that for the failure of petitioner to file his certificate of arrival his petition must be dismissed, without prejudice, however, to his refiling upon securing his certificate of arrival.