## In re VASICEK.

(District Court, E. D. Missouri, E. D.   March 12, 1921.)

**1. Aliens ⏀68—Petitioner for naturalization has burden to meet all statutory requirements.**

The burden of proof rests on a petitioner for naturalization affirmatively to establish by relevant, material, competent, positive, and direct evidence that he has fully met the requirements of the statute.

**2. Aliens ⏀62—Naturalization applicant must show understanding of petition.**

A petitioner for naturalization cannot be held "attached to the principles of the Constitution of the United States and well disposed to the good order and happiness of the same," where, though alleging in his petition that he is "not a disbeliever in or opposed to organized government," or affiliated with any organization opposed to organized government and "not a polygamist nor a believer in polygamy," he testifies that he does not know the meaning of the words "anarchist" or "polygamy."

In the matter of the petition for naturalization of Frantisek Vasicek. Petition denied.

M. R. Bevington, of St. Louis, Mo., for the United States.

DYER, District Judge.   The candidate, Frantisek Vasicek, during the final hearing on his petition for naturalization, testified that he did not know the meaning of the words "anarchy" or "polygamy." Thereupon the government prayed the denial of his application. Pertinent portions of the petition filed in this cause by said candidate follow:

"I am not a disbeliever in or opposed to organized government or a member of or affiliated with any organization or body of persons teaching disbelief in or opposed to organized government. I am not a polygamist nor a believer of polygamy."

The fourth subdivision of section 4 of the Act of June 29, 1906, 34 Stat. 596 (Comp. St. § 4352), prescribes that before admitting any alien to citizenship the court concerned shall be satisfied the candidate is in truth and in fact "attached to the principles of the Constitution of the United States and well disposed to the good order and happiness of the same." It is self-evident from the candidate's own testimony that that portion of his petition in which he solemnly declares he is not an anarchist or polygamist, etc., is meaningless to him. The question is accordingly at once raised: What does the Naturalization Act require of an applicant in the way of proof of the averments contained in his petition?

[1] Turning to the authorities, we find the law declared to be that the burden of proof rests on a petitioner for naturalization affirmatively to establish by relevant, material, competent, positive, and direct evidence that he has fully met the requirements of the statute. In re Kornstein (D. C.) 268 Fed. 174; Johannessen v. United States, 225 U. S. 240, 32 Sup. Ct. 613, 56 L. Ed. 1066, and United States v. Ginsberg, 243 U. S. 474, 475, 37 Sup. Ct. 422, 61 L. Ed. 853. As illustrating this rule, it has been held that the candidate must establish that his verifying witnesses are citizens of the United States (In re

Aprea [C. C.] 158 Fed. 702; United States v. Martorana, 171 Fed. 397, 96 C. C. A. 353, reversing In re Martorana [D. C.] 159 Fed. 1010, and In re Welch et al. [C. C.] 159 Fed. 1016; In re Wolf [C. C.] 188 Fed. 519); that such witnesses must possess personal knowledge of the facts testified to (In re Kornstein, supra); that they must have known the petitioner for the statutory period (In re Toomey [Sup.] 111 N. Y. Supp. 600; In re Manning [D. C.] 209 Fed. 499; United States v. Gulliksen, 244 Fed. 727, 157 C. C. A. 175), that they are credible (In re Kornstein, supra); that they actually possessed personal knowledge of the facts testified to (In re Kornstein, supra); that the petitioner is attached to the principles of the Constitution (In re Meakins [D. C.] 164 Fed. 334; In re Bear Goldberg [D. C.] 269 Fed. 392); that he has not evaded military service through pleading his alienage (In re Loen [D. C.] 262 Fed. 166; In re Silberschutz [D. C.] 269 Fed. 398; In re Sebastiano Tomarchio [D. C.] 269 Fed. 400); that his family is actually in the United States (In re Sigelman [D. C.] 268 Fed. 217; In re Rustigan [C. C.] 165 Fed. 980); that he has not deserted from the army (In re Albert Ernest Julius Gnadt [D. C.] 269 Fed. 189); that he has not, after taking steps to acquire citizenship, claimed the protection of the country of his nativity (In re Francesco Aldani [D. C.] 269 Fed. 193); that at the time of petitioning he had attained his majority (In re Cardaro [D. C.] 246 Fed. 735); that he is in truth and in fact a man of good moral character (In re Di Clerico [D. C.] 158 Fed. 905; In re Ross [C. C.] 188 Fed. 685; In re Talarico [D. C.] 197 Fed. 1019; In re Trum [D. C.] 199 Fed. 361; In re Centi [D. C.] 211 Fed. 559; In re Addis [D. C.] 252 Fed. 887; In re Kornstein [D. C.] 268 Fed. 172-173); that he intends to permanently reside in the United States (In re Naturalization of Aliens [D. C.] 250 Fed. 316); that all provisions of the Naturalization Act have been fully met (United States v. Nisbet [D. C.] 168 Fed. 1005; United States v. Mansour [D. C.] 170 Fed. 671; United States v. Spohrer [C. C.] 175 Fed. 440; United States v. Rodgers, 185 Fed. 334, 107 C. C. A. 452; United States v. Plaistow [D. C.] 189 Fed. 1006: United States v. Kolodner, 204 Fed. 240, 24 C. C. A. 1, reversing [D. C.] 190 Fed. 809: United States v. Albertini [D. C.] 206 Fed. 133; In re Schrape [D. C.] 217 Fed. 142; United States v. Nopoulos [D. C.] 225 Fed. 656; United States v. Leles [D. C.] 227 Fed. 189, and [D. C.] 236 Fed. 784; In re Mondelli [D. C.] 228 Fed. 920; In re Markun [D. C.] 232 Fed. 1018; In re Horecsny [D. C.] 238 Fed. 448, and cases there collected; In re Mallari [D. C.] 239 Fed. 416; United States v. Morena, 247 Fed. 484, 159 C. C. A. 538; United States v. Ginsberg, 247 Fed. 1006, 159 C. C. A. 665; United States v. Kramer [C. C. A.] 262 Fed. 395; Gerrard v. United States, 43 Ct. Cl. 67 [note that the stream of crime flowing from any relaxation of this rule is well illustrated by the cases of Levin v. United States, 138 Fed. 826, 63 C. C. A. 476, Dolan v. United States, 133 Fed. 440, 69 C. C. A. 274, Holmgren v. United States, 156 Fed. 439, 88 C. C. A. 301, Id., 217 U. S. 509, 30 Sup. Ct. 588, 54 L. Ed. 861, 19 Ann. Cas. 778, United States v. Dupont (C. C.) 176 Fed. 824, United States v. Bressi (D. C.) 208 Fed. 369, and Gregorat v. United States, 249 Fed. 470, 161 C.

C. A. 428]); that legal notice has been given of the date of final hearing (United States v. Peterson, 182 Fed. 289, 104 C. C. A. 571; In re O'Dea [C. C.] 158 Fed. 703; United States v. Daly, 32 App. D. C. 525; In re Giaquinto [D. C.] 230 Fed. 1004); that the petitioner labors under no legal disability in seeking citizenship (In re Rionda [D. C.] 164 Fed. 368; United States v. Cohen, 179 Fed. 834, 103 C. C. A. 28, 29 L. R. A. [N. S.] 829; Mackenzie v. Hare, 239 U. S. 299, 36 Sup. Ct. 106, 60 L. Ed. 297, Ann. Cas. 1916E, 645); that he actually resided, where petition is filed in a state court, in the county in which the court concerned sits (United States v. Schurr [D. C.] 163 Fed. 648; United States v. Wayer [D. C.] 163 Fed. 650; United States v. Johnson [D. C.] 181 Fed. 429; Petition of Briese [D. C.] 267 Fed. 600 [see In re Pearlman (D. C.) 226 Fed. 60, for rule when application is filed in federal court]); that he is not a radical (United States v. Olsson [D. C.] 196 Fed. 562; United States v. Swelgin [D. C.] 254 Fed. 884); that he is an alien, and not theretofore naturalized (In re Buck [D. C.] 204 Fed. 701); that proper proof had been made concerning his entry in the United States (In re Kestelman [C. C.] 165 Fed. 265; In re Liberman [D. C.] 193 Fed. 301; In re Hollo [D. C.] 206 Fed. 852; In re Elliott [D. C.] 263 Fed. 143; United States v. Ness, 245 U. S. 319, 38 Sup. Ct. 118, 62 L. Ed. 321, reversing [D. C.] 217 Fed. 169, and 230 Fed. 950, 145 C. C. A. 144, Ann. Cas. 1917C, 41; Ex parte Joseph Eberhardt [D. C.] 270 Fed. 334); that he has not been debarred from naturalization by a prior adjudication (In re Centi [D. C.] 217 Fed. 833; In re Hartman [D. C.] 232 Fed. 797; In re Norman [D. C.] 256 Fed. 543; In re Kornstein, supra, and cases there collected); that he is not an inadmissible enemy alien (Grahl v. United States [C. C. A.] 261 Fed. 487; In re Pfleiger [D. C.] 254 Fed. 511; United States v. Kamm [D. C.] 247 Fed. 968; In re Lindner [D. C.] 247 Fed. 138; In re Duus [D. C.] 245 Fed. 813; Ex parte Bourchardt [D. C.] 242 Fed. 1006; In re Naturalization of Subjects of Germany [D. C.] 242 Fed. 971; In re Hass [D. C.] 242 Fed. 739; In re Jonasson [D. C.] 241 Fed. 723; Ex parte Overington, 5 Bin. [Pa.] 371; Ex parte Newman, 2 Gall. 11, Fed. Cas. No. 10,174); that he has been an actual physical resident of the United States for the jurisdictional period, constructive residence being excluded by the spirit of the Naturalization Act (United States v. Ginsberg [D. C.] 244 Fed. 214, and cases there cited [see, also, Ex parte Walton, 1 Cranch, C. C. 186, Fed. Cas. No. 17,127; Ex parte Saunderson, 1 Cranch, C. C. 219, Fed. Cas. No. 12,378; In re Hawley, 1 Daly (N. Y.) 531; Ex parte Paul, 7 Hill (N. Y.) 56; Ex parte Merry, 14 Phila. (Pa.) 212; United States v. Simon (C. C.) 170 Fed. 680; United States v. Aakervik (D. C.) 180 Fed. 137; United States v. Ellis (D. C.) 185 Fed. 546; Luria v. United States, 231 U. S. 9, 34 Sup. Ct. 10, 58 L. Ed. 101, affirming (D. C.) 184 Fed. 643; United States v. Cantini, 212 Fed. 925, reversing (D. C.) 199 Fed. 857; United States v. Mulvey, 232 Fed. 513, 146 C. C. A. 471; In re Brash (D. C.) 235 Fed. 1003; United States v. Grimminger (D. C.) 236 Fed. 285; In re Cook (D. C.) 239 Fed. 782; In re Di Giovine (D. C.) 242 Fed. 741; United States v. Bragg (D. C.) 257 Fed.

588]); that renunciation of allegiance has been made to the proper sovereign (United States v. Vogel [C. C. A.] 262 Fed. 262); that the petitioner is a "white person" (In re Saito [C. C.] 62 Fed. 126; In re San C. Po, 7 Misc. Rep. 471, 28 N. Y. Supp. 383; In re Kanaka Nian, 6 Utah, 259, 21 Pac. 993, 4 L. R. A. 726; In re Burton, 1 Alaska, 111; In re Camille [C. C.] 6 Sawy. 341, 6 Fed. 256; In re Buntaro Kumagai [D. C.] 163 Fed. 924, and cases there cited; In re Knight [D. C.] 171 Fed. 299; Bessho v. United States, 178 Fed. 245, 101 C. C. A. 605; United States v. Gardner [D. C.] 189 Fed. 690; In re Young, [D. C.] 198 Fed. 715, and 195 Fed. 645; In re Lampitoe [D. C.] 232 Fed. 382; In re Rallos [D. C.] 241 Fed. 686; In re Singh [D. C.] 246 Fed. 496 [see, also, Ex parte Shahid (D. C.) 205 Fed. 812; Ex parte Dow (D. C.) 211 Fed. 486; In re Dow (D. C.) 213 Fed. 355; Dow v. United States, 226 Fed. 145, 140 C. C. A. 549; In re Halladjian (C. C.) 174 Fed. 834]); that his declaration of intention has not been altered, amended, or corrected (United States v. Vogel, supra); that his declaration of intention has matured (United States v. Van Der Molen [D. C.] 163 Fed. 650); that he actually possessed a valid declaration of intention (In re Spitzer [C. C.] 160 Fed. 138; United States v. Rodick, 162 Fed. 469, 89 C. C. A. 389; In re Cameron [D. C.] 165 Fed. 112; In re Poirot [D. C.] 168 Fed. 456; In re Lewkowicz [D. C.] 169 Fed. 927; United States v. Meyer [D. C.] 170 Fed. 983; Ex parte Lange [D. C.] 197 Fed. 769; In re Stack [D. C.] 200 Fed. 331; In re Friedl, 202 Fed. 300; In re Yunghauss [D. C.] 210 Fed. 545; In re Goldstein [D. C.] 211 Fed. 164; In re Brefo [D. C.] 217 Fed. 131; Yunghauss v. United States, 218 Fed. 168, 134 C. C. A. 67; Harmon v. United States, 223 Fed. 425, 139 C. C. A. 19; In re Schwartz [D. C.] 236 Fed. 146; In re Lee [D. C.] 236 Fed. 987; In re Britton [D. C.] 248 Fed. 607, and United States v. Morena, 245 U. S. 392, 38 Sup. Ct. 151, 62 L. Ed. 359); that his declaration of intention was executed in the regularly established office of the clerk of court, or in open court (People v. Sweetman, 3 Park. Cr. R. [N. Y.] 358; Santo Scola's Case, 8 Pa. Co. Ct. 344; Butterworth's Case, 1 Woodb. & M. 323, 4 Fed. Cas. No. 2,251; In re Langtry [C. C.] 31 Fed. 879); that his petition was signed in his own handwriting (In re Martinovsky [D. C.] 171 Fed. 601); and that his mental attitude at the time of naturalization, prior thereto, and thereafter, was what it should have been (Schurman v. United States [C. C. A.] 264 Fed. 920, and cases there cited).

While Congress, in dealing with the naturalization problem, recognized it to be impolitic to perpetuate the character of alien longer than was absolutely necessary, the law-making body still recognized that a reasonable probationary term should be prescribed to enable candidates to get rid of foreign and to acquire American attachments, to learn the principles and imbibe the spirit of our government, and to admit of a probability, at least, of their feeling a real interest in our affairs. A residence of not less than five years was, therefore, required of an alien before he might petition for citizenship, this to conciliate the feelings of the candidate to the manners, laws, and government of this country.

[2] Vasicek resided within the United States for the jurisdictional period, prior to executing his application, and in this particular fully met the requirements of the statute. But has he in this period of time divorced himself from the foreign attachments and ideas of government brought with him? As established by the authorities cited herein, there are no presumptions in his favor to be indulged in. He is put to strict proof of the averments contained in his petition. His inability to define "anarchy" and "polygamy," and his lack of knowledge of the meaning of these words, must be held to be such a failure to meet the requirements prescribed in naturalization cases, as to necessitate the sustaining of the government's motion to dismiss, as it cannot be said in such a case as this that the candidate is in truth and in fact "attached to the principles of the Constitution of the United States, and well disposed to the good order and happiness of the same."

The petition for naturalization of the candidate will accordingly be denied.