## In re BRASH.

(District Court, W. D. Washington, N. D. September 5, 1916.)

### No. 2890.

ALIENS ⬤⇒62—NATURALIZATION—RESIDENCE.

An alien, who located in the United States in the territory of Washington in 1875, declared his intention in 1880 of becoming a citizen. After filing his declaration of intention and taking the required oath he became an elector, voting at territorial elections, and on the admission of the territory to statehood continued to exercise the franchise. About 1894 the alien was employed by a San Francisco company, and required to move to British Columbia, where he resided until 1915, maintaining a home there and no home in Washington. *Held*, that though the alien had been advised by the United States District Attorney, after the admission of the territory as a state, that he need take no further steps to becoming a citizen, nevertheless his application in 1915 for citizenship must be denied, the alien not having resided within the United States for 5 years next before his application.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 123–125; Dec. Dig. ⬤⇒62.]

At Law. In the matter of the petition of Charles Brash, an alien, for citizenship. Application denied.

Will H. Thompson, of Seattle, Wash., for applicant.

John Speed Smith, Chief Naturalization Examiner, of Seattle, Wash., for the Government.

NETERER, District Judge. Charles Brash, an alien, came to the United States October 13, 1875, and to the territory of Washington, October 21, 1880, on which day he declared his intention to become a citizen. In his petition, filed June 21, 1915, he alleges continuous residence in the United States since June 20, 1910, or 5 years preceding the date of the filing of the petition. Applicant, after filing his declaration of intention and taking the oath referred to, and after residence of six months, became an elector of the territory (section 3050, Code Wash. Ter.) and voted at the elections thereafter, and on admission of the territory November 11, 1889, by constitutional provision this franchise was continued (section 1, art. 6, State Const.) and he on oath states that he was advised by the then United States District Attorney, after the admission of the territory as a state, that he possessed all the rights which naturalization would give, and that it was unnecessary to pursue his naturalization further, and believed himself to be a citizen. About 21 years ago the applicant was employed by

a concern in San Francisco, and required to move to Victoria, B. C., and with his family, consisting of wife and several children, removed to Victoria, B. C., where he resided with his family during the entire time until 1915. He secured and furnished his home; his children grew to maturity. No residence of any kind or character or place of residence was maintained in Washington or the United States. He did not leave any personal effects in the United States. He acquired some real estate in the United States, which he still holds. He never exercised the rights of franchise in Washington after his removal to Victoria; nor did he exercise any such rights in Victoria. He was frequently called to Portland, San Francisco, and Seattle on business. On the death of President McKinley he joined with United States citizens in Victoria in memorial exercises. On the Fourth of July he would decorate his residence with the United States flag, as would citizens of the United States. I am satisfied that the petitioner is a man of good moral character and attached to the principles of the Constitution of the United States.

Objection is made by the Chief Examiner to his admission on the ground that he has not resided within the United States for 5 years next preceding his admission. Section 2170, Rev. St. (Comp. St. 1913, § 4360), provides that no alien shall be admitted to become a citizen who has not, for a continued term of 5 years next preceding his admission, resided within the United States. For the applicant, it is contended that he believed himself to be a citizen of the United States, and always held his allegiance to the Constitution of the United States, and that it was his intention to return to the United States when the business in which he was engaged was ended, and that pursuant to such determination he did return to the United States, and this mental condition or determination should be the controlling factor. In re Deans (D. C.) 208 Fed. 1018, and U. S. v. Deans (C. C. A.) 230 Fed. 957, are cited to the court as sustaining this view, as well as a number of other authorities bearing upon legal, as contradistinguished from actual, residence, which I do not think have application here. I think this case is clearly distinguishable from the Deans Case, in this, that Deans was only absent from the United States two months when he was in Scotland and four months when he was employed in the Panama Canal Zone, where he was discharged because he was not a citizen, and the court in that case, and I think properly, held that the residence contemplated by the act of Congress was not interrupted by the absence under the circumstances detailed. The court in that case merely held that it was not the intention of Congress that an alien must be actually and physically within the United States, actually present every day for the five-year period. Precedent and reason show that each case must be determined upon its own facts, and that temporary residence of short intervals does not destroy the continuity of residence, constructively, at least, continued. In the instant case the applicant was actually absent from the United States with his family, maintaining his home, his residence, his habitat, in a foreign domain, for the period of 20 years or more, and has only been a resident of the United States for one year immediately preceding the filing

of this application. The court cannot, from the facts in this case, say that the applicant maintained a legal residence in the United States for any purpose, and his actual residence was beyond question in British Columbia. This conclusion is fully sustained in the opinion of Circuit Judge Rogers for the Circuit Court of Appeals for the Second Circuit. U. S. v. Patrick Mulvey, 232 Fed. 513.

Application is denied.