UNITED STATES v. MEYER.

(Circuit Court of Appeals, Second Circuit. April 12, 1917.)

No. 266.

ALIENS ☞68—NATURALIZATION—ALIEN ENEMIES—"TIME OF HIS APPLICA-TION."

. Rev. St. § 2171 (Comp. St. 1916, § 4362), originally adopted at a. time when the only application for naturalization was made in open court, pro-vides that no subject of any country with which the United States are at war at the time of his application shall be admitted to citizenship. Act June 29, 1906, c. 3592, § 4, 34 Stat. 596 (Comp. St. 1916, § 4352), re-quires the applicant to make and file a petition in writing, and section 6 (Comp. St. 1916, § 4354) provides that final action thereon shall not be had until at least 90 days have elapsed after filing and posting the notice of such petition. *Held,* that the application is complete when the peti-tion is filed, and the time of filing the petition is the "time of his appli-cation," especially as section 2171 contains a further provision, now ob-solete, for the naturalization of alien enemies entitled to naturalization on June 18, 1812, and hence a German subject filing his petition in January, 1917, was entitled to naturalization, though the hearing was not had until April 6th, at which time a state of war existed.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 138-145.]

Hough, Circuit Judge, dissenting.

Appeal from the District Court of the United States for the South-ern District of New York.

Petition by Jonas Meyer for naturalization. From an order admit-ting the applicant to citizenship, the government appeals. Affirmed.

The following is the opinion of Mayer, District Judge:

The petitioner was born at Hohn, Germany, on April 17, 1859. He arrived in the United States on August 3, 1863, when a little over 4 years of age. He has resided in the city of New York since 1863, and is a merchant who has been in business for himself for some 27 years. His wife and two children reside here, both children being public school graduates and the petitioner be-ing likewise a graduate of the public schools of this city. His delay in be-coming naturalized is due to the fact that he has always supposed that he was a citizen of the United States by virtue of his arrival here with his father in 1863. Upon examination by the court, the petitioner has fully satis-fied the court that he comes within the provisions of the Act of Congress un-der which his petition is filed. By virtue of the resolution of the Congress of the United States, passed April 6, 1917, war now exists between the United States and the government of the country in which the petitioner was born. The petitioner filed his petition to become a citizen of the United States on the 5th day of January, 1917. Ninety days having elapsed after his petition was filed, the petitioner now appears before the court, asking that he be permitted to become a citizen of the United States. The question is whether the court has jurisdiction to entertain and grant the petition. This question involves the construction of the meaning of the word "application" in sec-tion 2171 of the Revised Statutes of the United States which reads as fol-lows:

"Sec. 2171. No alien who is a. native citizen or subject, or a denizen of any country, state, or sovereignty with which the United States are at war, at the time of his application, shall be then admitted to become a citizen of the United States; but persons resident within the United States, or the territories thereof, on the eighteenth day of June, in the year one thousand eight hundred and twelve, who had before that day made a declaration, ac-

cording to law, of their intention to become citizens of the United States, or who were on that day entitled to become citizens without making such declaration, may be admitted to become citizens thereof, notwithstanding they were alien enemies at the time and in the manner prescribed by the laws heretofore passed on that subject; nor shall anything herein contained be taken or construed to interfere with or prevent the apprehension and removal, agreeably to law, of any alien enemy at any time previous to the actual naturalization of such alien."

The point involved is whether "application" as used in the statute quoted supra refers to the petition or to the appearance of the applicant before the court at final hearing held, as required by law, at least 90 days subsequent to the filing of the petition.

Section 2171 had its origin in two previous statutes, one of 1802 and the other of 1813. Chapter 28 of the Statutes of 1802, approved April 14, 1802 (2 Stat. 153) was entitled "An act to establish an uniform rule of naturalization, and to repeal the acts heretofore passed on that subject." The first and second sections thereof are as follows:

"First, that he shall have declared, on oath or affirmation, before the supreme, superior, district or circuit court of some one of the states, or of the territorial districts of the United States, or a circuit or district court of the United States, three years at least, before his admission, that it was, bona fide, his intention to become a citizen of the United States, and to renounce for ever all allegiance and fidelity to any foreign prince, potentate, state or sovereignty whatever, and particularly, by name, the prince, potentate, state or sovereignty whereof such alien may, at the time, be a citizen or subject.

"Secondly, that he shall, at the time of his application to be admitted, declare on oath or affirmation, before some one of the courts aforesaid, that he will support the Constitution of the United States, and that he doth absolutely and entirely renounce and abjure all allegiance and fidelity to every foreign prince, potentate, state or sovereignty whatever, and particularly, by name, the prince, potentate, state, or sovereignty whereof he was before a citizen or subject; which proceedings shall be recorded by the clerk of the court."

In the fourth section, there is the following proviso:

"Provided, that no alien who shall be a native citizen, denizen or subject of any country, state or sovereign, with whom the United States shall be at war, at the time of his application, shall be then admitted to be a citizen of the United States."

During the War of 1812, chapter 36 of the Statutes of 1813, approved July 30, 1813 (3 Stat. 53) was enacted. It was entitled "An act supplementary to the acts heretofore passed on the subject of an uniform rule of naturalization" and provided as follows:

"That persons resident within the United States, or the territories thereof, on the eighteenth day of June, in the year one thousand eight hundred and twelve, who had before that day made a declaration according to law, of their intentions to become citizens of the United States, or who by the existing laws of the United States, were on that day entitled to become citizens, without making such declaration, may be admitted to become citizens thereof, notwithstanding they shall be alien enemies at the times and in the manner prescribed by the laws heretofore passed on that subject: Provided, that nothing herein contained shall be taken or construed to interfere with or prevent the apprehension and removal, agreeably to law, of any alien enemy at any time previous to the actual naturalization of such alien."

From the foregoing it will be noted that the privilege of becoming an American citizen was accorded to those who, although alien enemies, had declared their intention of becoming citizens prior to the outbreak of the War of 1812 or who, by the existing laws of the United States, were at that time entitled to become citizens without making such declaration. While the statute of 1813 is now obsolete, it may be read in connection with the statute of 1802 in support of the construction that it was the legislative intent that an applicant could be naturalized at such time as he was able to make his "application" to be naturalized under existing law.

At the time of the enactment of the act of 1802 and until 1906, there was no intermediate procedure between the declaration of intention and the appearance of the applicant in court for the purpose of being naturalized. It is therefore contended on behalf of the government that "application" as used in section 2171 now means the application which is made by the petitioner at the time he appears before the court at final hearing.

It is urged that the "petition" for naturalization is not the "application" referred to in this section 2171. By chapter 3592 of the Statutes of 1906, approved June 29, 1906, 34 Stat. 596, it was provided inter alia, as follows:

"Third. He shall, before he is admitted to citizenship, declare on oath in open court that he will support the Constitution of the United States, and that he absolutely and entirely renounces and abjures all allegiance and fidelity to any foreign prince, potentate, state, or sovereignty, and particularly by name to the prince, potentate, state, or sovereignty of which he was before a citizen or subject; that he will support and defend the Constitution and laws of the United States against all enemies, foreign and domestic, and bear true faith and allegiance to the same. Comp. St. 1916, § 4351.

"Fourth. It shall be made to appear to the satisfaction of the court admitting any alien to citizenship that immediately preceding the date of his application he has resided continuously within the United States five years at least, and within the state or territory where such court is at the time held one year at least, and that during that time he has behaved as a man of good moral character, attached to the principles of the Constitution of the United States, and well disposed to the good order and happiness of the same. In addition to the oath of the applicant, the testimony of at least two witnesses, citizens of the United States, as to the facts of residence, moral character, and attachment to the principles of the Constitution shall be required, and the name, place of residence, and occupation of each witness shall be set forth in the record." Comp. St. 1916, § 4352.

"Sec. 6. That petitions for naturalization may be made and filed during term time or vacation of the court and shall be docketed the same day as filed, but final action thereon shall be had only on stated days, to be fixed by rule of the court, and in no case shall final action be had upon a petition until at least ninety days have elapsed after filing and posting the notice of such petition." Comp. St. 1916, § 4354.

"Sec. 9. That every final hearing upon such petition shall be had in open court before a judge or judges thereof, and every final order which may be made upon such petition shall be under the hand of the court and entered in full upon a record kept for that purpose, and upon such final hearing of such petition the applicant and witnesses shall be examined under oath before the court and in the presence of the court." Comp. St. 1916, § 4368.

It will be noted that the proceeding before the court is designated in section 9, supra, as a "final hearing upon such petition." From the foregoing it may be argued on behalf of petitioner that under existing law the "application to be admitted" is the "petition," and that when the applicant signs the petition, it is then that he applies for admission, the period intervening between such application and final hearing having been provided solely in order to give full opportunity to examine into the petition and ascertain such facts and information as may advise the court of the status and qualifications of the applicant when he appears at final hearing. The words "at the time of his application" as used in section 2171 must be read in the light of the statute of 1802 where it is provided that the applicant "shall, at the time of his application to be admitted, declare * * * before some one of the courts aforesaid, that he will support the Constitution of the United States. * * * *"

So that the question now is whether "application to be admitted" means the "petition" provided under the statute of 1906 or the final hearing provided under that statute. The question has never been passed upon, and it is of paramount importance that there should be a uniformity of ruling in this circuit. After conference with my Associates, we have concluded that it is highly desirable that this question shall be presented as speedily as possible to the Circuit Court of Appeals, and I am authorized to state that that court will give preference to the hearing of an appeal from such determination as is here made.

In order to assure an immediate appeal and a full presentation of the subject-matter to the Appellate Court, the district judges have deemed the advisable course to be to admit the applicant to citizenship, reserving decision on all similar applications until the Circuit Court of Appeals shall have passed on this test case. To attain this prompt result the United States attorney and the Department of Labor have assured the court of their full co-operation.

H. Snowden Marshall, U. S. Atty., of New York City.
Samuel Blumberg, of New York City, for appellee.

Before WARD, ROGERS and HOUGH, Circuit Judges.

WARD, Circuit Judge. This is an appeal from an order of Judge Mayer in the District Court of the United States for the Southern District of New York admitting the appellee, Jonas Meyer, to citizenship April 6, 1917, a state of war then existing between the empire of Germany and the United States of America.

Meyer came to this country from Germany with his parents, who were German citizens, August 3, 1863, when he was 4 years of age. He has lived in this city ever since, and was told and has always supposed that his father, who died here in 1871, had been naturalized, which would have made him a citizen under section 2172, U. S. Rev. Stat. (Comp. St. 1916, § 4367). He had also been informed that coming here at the tender age of 4 years he was for this reason also a citizen of the United States. His attention having been lately called to the matter, he took advice, and was able to find no evidence whatever that his father had been naturalized, and learned that he had been mis-informed as to the other ground. Acting, however, under this mistake of fact and of law, he has voted here and served as a juror in this county, where jurors are required to be citizens of the United States. Section 598, Judicial Law, c. 30, Con. Laws of New York. Because he has acted in good faith as a citizen, he was relieved of the obliga-tion of making any declaration of intention by the provision added to paragraph 2, § 4, c. 3592, Laws of 1906, by section 3, c. 401, Laws of 1910 (36 Stat. 830), which provides as follows:

"Provided further, that any person belonging to the class of persons authorized and qualified under existing law to become a citizen of the United States who has resided constantly in the United States during a period of five years next preceding May 1st, nineteen hundred and ten, who, because of misinformation in regard to his citizenship or the requirements of the law governing the naturalization of citizens has labored and acted under the impression that he was or could become a citizen of the United States and has in good faith exercised the rights or duties of a citizen or intended citizen of the United States because of such wrongful information and belief may, upon making a showing of such facts satisfactory to a court having jurisdiction to issue papers of naturalization to an alien, * * * and said court may issue such certificate without requiring proof of former declaration, * * * but such applicant for naturalization shall comply in all other respects with the law relative to the issuance of final papers of naturalization to aliens."

Section 2171 of the Revised Statutes of the United States reads:

"No alien who is a native citizen or subject, or a denizen of any country, state, or sovereignty with which the United States are at war, at the time of his application, shall be then admitted to become a citizen of the United

States; but persons resident within the United States, or the territories thereof, on the 18th day of June, in the year one thousand eight hundred and twelve, who had before that day made a declaration, according to law, of their intention to become citizens of the United States, or who were on that day entitled to become citizens without making such declaration, may be admitted to become citizens thereof, notwithstanding they were alien enemies at the time and in the manner prescribed by the laws heretofore passed on that subject; nor shall anything herein contained be taken or construed to interfere with or prevent the apprehension and removal, agreeably to law, of any alien enemy at any time previous to the actual naturalization of such alien."

The first part of this section comes from the act of April 14, 1802, and the remainder from the act of July 30, 1813. At the time these acts were passed the whole procedure for naturalization was begun by the alien's making a declaration of his intention to become a citizen two years at least prior to his admission upon hearing in open court. The application and the hearing for admission were contemporaneous. The act of 1802 expresses the intention of Congress not to admit an alien subject of a country at war with the United States at the time of the hearing in open court.

The rest of the section applies only to the War of 1812, but shows that Congress had changed its earlier view so as to permit the admission of citizens of other countries at war with the United States at the time of the hearing in open court, provided that before the war they had made their declarations of intention or were entitled to citizenship without making such declarations. The act of June 29, 1906, establishing a bureau of immigration and naturalization, treated the subject of naturalization much more elaborately than theretofore. It did not repeal section 2171, but introduced a new step in the procedure between the declaration of intention and the hearing in open court, viz., a petition for naturalization to be filed by the alien not less than 2 nor more than 7 years after his declaration of intention. Consequently the application and the hearing are now no longer contemporaneous. Sec. 4 of the act of June 29, 1906, reads:

"First. He shall declare on oath before the clerk of any court authorized by this act to naturalize aliens, or his authorized deputy, in the district in which such alien resides, two years at least prior to his admission, and after he has reached the age of eighteen years, that it is bona fide his intention to become a citizen of the United States, and to renounce forever all allegiance and fidelity to any foreign prince, potentate, state, or sovereignty, and particularly, by name, to the prince, potentate, state, or sovereignty of which the alien may be at the time a citizen or subject. * * *

"Second. Not less than two years nor more than seven years after he has made such declaration of intention he shall make and file, in duplicate, a petition in writing, signed by the applicant in his own handwriting and duly verified, in which petition such applicant shall state his full name, his place of residence (by street and number, if possible), his occupation, and, if possible, the date and place of his birth. * * *

"The petition shall also be verified by the affidavits of at least two credible witnesses, who are citizens of the United States, and who shall state in their affidavits that they have personally known the applicant to be a resident of the United States for a period of at least five years continuously, and of the state, territory, or district in which the application is made for a period of at least one year immediately preceding the date of the filing of his petition, and that they each have personal knowledge that the petitioner is a person of good moral character, and that he is in every way qualified, in their opinion, to be admitted as a citizen of the United States."

Section 6 of the act is as follows:

"That petitions for naturalization may be made and filed during term time or vacation of the court and shall be docketed the same day as filed, but final action thereon shall be had only on stated days, to be fixed by rule of the court, and in no case shall final action be had upon a petition until at least ninety days have elapsed after filing and posting the notice of such petition. * * * "

The question for determination, is, What it, under the act of 1906, "the time of his application," at which time section 2171 excludes an alien from citizenship if his country is at war with the United States? The government contends that it is the time of the hearing in open court, while the appellee insists that it is the time of the filing of the petition. Obviously the petition was an application for citizenship. The two witnesses who verified it were required to swear that "the applicant" was continuously a resident of the United States for at least 5 years and of the state, etc. "in which the application is made" at least 1 year preceding the date of filing the petition. The government regards the application as a continuous act from the time of filing the petition down to and including the hearing in open court. If so, as a state of war existed April 6, 1917, between the empire of Germany and the United States, this alien should not have been admitted to citizenship by virtue of the provisions of section 2171, supra. But we think the application complete when the petition is filed, although 90 days must elapse from "the date of his application" before the hearing in open court, which is itself an independent step, and the last step in the whole proceeding. We are quite clear that "the time of his application" prescribed in section 2171 is the time of filing the petition under the act of 1906. The intervening period of 90 days is to give the government an opportunity of looking up the antecedents of the applicant and of his witnesses. This is the fair and natural construction of the language of the statutes, and is, moreover, quite consistent with the intention of Congress expressed in the act of 1813 during the war then existing with England that aliens who had declared their intention before the war should not be excluded from citizenship though war existed at the time of the hearing in open court upon the question of their admission.

The order is affirmed.

HOUGH, Circuit Judge (dissenting). That "application" as used in Rev. Stat. 2171, is synonymous with "petition" in the act of 1906 I cannot believe. The majority agree that Congress intended not to admit to citizenship the subject of a country "at war with the United States at the time of the hearing in open court," and yet find a statutory right to citizenship complete and perfect at a date which must always (except in the cases of soldiers and sailors) be 90 days at least before any "hearing in open court," legal under the act of 1906. These two propositions are, I think, inconsistent.

In 1802 Congress declared (section 2171), that no one, being an alien enemy "at the time of his application, shall be then admitted" to citizenship. It is agreed that when that statute was passed, and for over an hundred years after, "application" meant hearing in open court.

There are still hearings in open court, and they are a prerequisite to lawful naturalization. There is no reason to believe that the statutory words have changed in meaning.

Indeed the construction adopted by this judgment makes section 2171 declare the following: An alien enemy shall not be "admitted" at "the time of his application"; but "application" means "petition"; therefore such alien cannot be "admitted" at the date of his "petition." As no alien (with the exceptions noted) can, since 1906, be admitted at date of petition, whether he be an enemy or not, it is (to say the least) somewhat difficult to harmonize the legislation of 1802 and 1906 on the construction adopted. The "final hearing" specifically required by the present statute, and agreed to be one equivalent of the "application" under the act of 1802, becomes an idle ceremony.

For the reasons foregoing, I think that "application" still means hearing in open court, and that means the present statutory "final hearing"; therefore I dissent.