## In re DUUS.

### (District Court, W. D. Washington, N. D. April 14, 1917.)

### No. 3725.

1. STATUTES &#9758;225—CONSTRUCTION WITH REFERENCE TO OTHER STATUTES.

 Rev. St. § 2171 (Comp. St. 1916, § 4362), providing that no alien, who is a native citizen, subject, or denizen of any country with which the United States are at war at the time of his application, shall be admitted to become a citizen, and Act June 29, 1906, c. 3592, 34 Stat. 596, providing that, before the examination and administration of the oath of allegiance upon admission, notice shall be given by the applicant for 90 days, must be construed together.

2. ALIENS &#9758;61—NATURALIZATION—ALIEN ENEMIES—"APPLICATION."

 Under Act June 29, 1906, as to naturalization, and Rev. St. § 2171 (Comp. St. 1916, § 4362), prohibiting the naturalization of citizens or subjects of any country with which the United States is at war at the time of the application, the filing of the petition and the examination in court must be considered as one act and comprehended within the term "application," so that a German subject who filed his petition in January, 1917, was not entitled to admission to citizenship after the passage of the resolution declaring a condition of war, especially in view of Act July 30, 1813, c. 36, 3 Stat. 53, by which a proviso was added to section 2171 as originally enacted, authorizing the naturalization of aliens of enemy nativity who had, prior to June 18, 1812, made declaration of their intention, to which the rule "expressio unius" applies.

 [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Application.]

Application by Antone Duus for admission to citizenship. Hearing deferred until the termination of the war, or until further order.

John Speed Smith, Chief Naturalization Examiner, for the United States.

NETERER, District Judge. The applicant is a subject of the Emperor of Germany, and filed his petition for naturalization on the 11th day of January, 1917. In due course the application came on to be heard on this 14th day of April. The congressional resolution declaring a condition of war between the United States and Germany was passed on April 6, 1917. Section 2171, Revised Statutes (section 4362, vol. 5, U. S. Compiled Statutes 1916), provides that:

 "No alien who is a native citizen, * * * subject or a denizen of any country, state, or sovereignty, with which the United States are at war at the time of his application, shall be then admitted to become a citizen of the United States."

This act was passed on the 14th day of April, 1802. There are but few decisions interpreting the act, all arising out of the War of 1812. In Ex parte Newman (C. C. 1813) Fed. Cas. No. 10,174, it was held that an alien enemy could not even make the preparatory declaration of intention, since he "has no legal standing in court to acquire even inchoate rights." In the Case of In re Little, 2 Browne, 218 (Pa. 1812), it was held that, while an alien enemy could not be naturalized,

---

he might make the preliminary declaration, "when he gains no personal privileges in consequence thereof."

By the provisions of section 2171, supra, the applicant merely appeared before the court, was examined, and took the oath of allegiance. The transaction was of one act. This section has never been changed. When the act under which we are operating was passed, June 29, 1906, provision was made that, before the examination and administration of the oath of allegiance upon admission, notice was required to be given by the applicant for 90 days.

[1, 2] I think that these two acts must be construed together. This conclusion is strengthened by the fact that on July 30, 1813 (3 Stat. 53, c. 36), a proviso was added to section 2171, supra, authorizing the naturalization of aliens of enemy nativity who had, prior to June 18, 1912, made declaration of intention, and by the rule "expressio unius" the limitation was explicitly fixed. No exception was made by the act of 1906, supra, and under this act, in view of the law, the filing of the "petition" and the examination in court must be considered one act and comprehended within the term "application"; and if any doubt did exist under the circumstances, that doubt should be resolved against the applicant, since no right can be jeopardized. The policy of the government during the war has been declared, and an alien will not be disturbed, either in his liberty or his possessions, so long as he lives as a citizen and obeys the law.

Hearing on the application will be deferred until the termination of the war, or until further order of the court.

---

### THE EROS.

(District Court, E. D. New York. December 23, 1916.)

ADMIRALTY ☞124—UNITED STATES MARSHALS ☞11—FEES—COSTS.

Under Rev. St. § 829, subd. 15 (Comp. St. 1916, § 1386), providing that, when the debt or claim in admiralty is settled by the parties without a sale, the marshal shall be entitled to certain commissions, the marshal is, where the claimant of a vessel libeled pays the amount of a decree, having secured its release from custody by the giving of bond, entitled to the commission provided, and the amount of such commission should be included in the decree as part of the costs.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes.