## In re NANNANGA.

(District Court, S. D. Georgia, E. D. July 5, 1917.)

1. ALIENS ⬅61—RIGHT TO NATURALIZATION—ALIEN ENEMIES.
   Within Rev. St. § 2171 (Comp. St. 1916, § 4362), providing that no alien, who is a native citizen or subject or denizen of any country with which the United States are at war at the time of his application, shall be then admitted to become a citizen, the United States was not at war with Germany until Congress declared war, notwithstanding the aggressions of the German government against the United States.
   [Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 119–122.]

2. ALIENS ⬅61—RIGHT TO NATURALIZATION—ALIEN ENEMIES.
   A German subject, whose petition for naturalization was filed in February, before the declaration of war against Germany, and who is not shown to have the slightest sympathy in antgonism with the purpose of this country in such war, is entitled to naturalization, notwithstanding Rev. St. § 2171.
   [Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 119–122.]

Petition by Henry Nannanga for naturalization. Petition granted.

William Garrard, of Savannah, Ga., for petitioner.

Erle M. Donalson, U. S. Atty., and Wallace Miller, Asst. U. S. Atty., both of Macon, Ga., for the United States.

SPEER, District Judge. There can be no doubt at all, in view of the evidence, that Mr. Nannanga would be a valuable American citizen. He has lived here from his youth. He reached here before he attained his majority. He testified that he had a hard struggle, but

has built up a highly prosperous shipping business in Savannah. Several of the foremost business men of Savannah speak in unqualified terms of approbation of his character. They are no less unqualified in the strong opinion that he would be a useful and valuable American citizen. Nor are his sympathies inimical to this country at this time. He so plainly testified. To the Liberty Bonds, regarded as vital to our safety, he subscribed $5,000. To the Red Cross fund, now in process of accumulation to relieve the agonies and horrors of war, he also made a considerable subscription. When one of his employés volunteered to enter the military service of the United States, although receiving no service from him, for a year Mr. Nannanga has continued his salary. There is no proof against him; no proof of the slightest sympathy in antagonism with the purpose of this country in the great struggle in which it is now engaged.

Now, then, it is said he should be refused naturalization as an American citizen, in view of a certain provision of a statute; that is, section 2171 of the Revised Statutes (Comp. St. 1916, § 4362). It provides that:

"No alien who is a native citizen or subject, or a denizen of any country. state, or sovereignty with which the United States are at war, at the time of his application, shall be then admitted to become a citizen of the United States."

Now, his declaration was filed some two years ago. His application was filed in February. In April, the President of the United States in his wonderful message to Congress uses this language:

"With a profound sense of the solemn and even tragical character of the step I am taking, and of the grave responsibilities which it involves, but in unhesitating obedience to what I deem my constitutional duty, I advise that the Congress declare the recent course of the Imperial German government to be in fact nothing less than war against the government and people of the United States; that it formally accept the status of belligerent which has thus been thrust upon it, and that it take immediate steps, not only to put the country in a more thorough state of defense, but also to exert all its power and employ all its resources to bring the government of the German Empire to terms and end the war."

[1, 2] The President thus recognizes the power of Congress in that respect, and it is authorized by the organic law. The Constitution empowers Congress to declare war. The President advises Congress to declare war. But it is said that war existed between the United States and Germany at that time. Does not that contention, if maintainable, put the United States in an insincere position? The President says that Germany has thrust war upon us. But, if we had been at war with Germany three months before Congress acted, where would be the justice of that contention? The language of the statute, to bar the alien enemy, is that he must be a citizen or subject of a country with which the "United States are at war." How can it be said that the United States was at war with Germany? True, Germany had made many aggressions upon us. So had Mexico, quite as many, as exasperating, and probably quite as bloody. But can it be said that we were at war with Mexico? No. While, in a political sense, the resolution of Congress was in the highest sense justifiable, yet in a legal

sense, in that sense in which the rights of persons and rights of property are determined, there was no war in which the United States was engaged until the joint resolution of Congress was adopted. That being true, since the application of Mr. Nannanga was on file at the time war was declared, there is no reason why the court should refuse him his right to become an American citizen.

Order may be taken accordingly.