## In re LINDNER.

(District Court, E. D. New York. December 5, 1917.)

1. ALIENS ⬤==62—NATURALIZATION—PETITION.

There is no statute forbidding the filing by an alien of a petition for naturalization while a state of war is existing between the United States and the country of which he is a subject; but such petitions should be received, and will go far to show the real purpose of those acting with loyalty to the United States.

2. ALIENS ⬤==68—NATURALIZATION—ADMISSION.

Act April 14, 1802, c. 28, § 1, 2 Stat. 153, as amended by Act July 30, 1813, c. 36, 3 Stat. 53, now Rev. St. § 2171 (Comp. St. 1916, § 4362), declares that no alien, who is a native citizen or subject or a denizen of any country or state with which the United States are at war at the time of his application, shall be then admitted to become a citizen of the United States. A subject of the German Empire, shortly before the declaration of war between that empire and the United States, filed his petition for naturalization. Due to the mistake of the clerk of another court, who omitted his signature from the certified copy of the declaration of intention, the application was rejected. *Held* that, after the declaration of war with Germany, the court was without power to actually receive the petition nunc pro tunc and take jurisdiction of the proceeding, even though the error was not the fault of the applicant; this being so, though the statute, which was enacted when the application and hearing thereon could be completed at one hearing, is inapplicable to those cases in which the application for admission to citizenship was filed before the declaration of war, but the hearing did not take place until after.

In the matter of the application of Karl Albert Lindner for a writ of mandamus, directed against the clerk of the District Court. Writ denied.

Harry Wandmaker, of New York City, for petitioner.
Melville J. France, U. S. Atty., of Brooklyn, N. Y.

CHATFIELD, District Judge. The applicant seems well disposed to the United States. His wife was born in this country and appears to protest against her alien status by marriage. As soon as possible the

applicant attempted to file (on March 12, 1917) his petition, and evidently could be naturalized at once if the application had been received. His failure to perfect the filing of his papers was due to the mistake of a clerk in another court, who omitted his signature from the certified copy of the declaration of intention. The clerk of this district refused to allow the applicant to complete his petition.

[1, 2] The applicant has, of course, expressed under oath his intention to renounce allegiance to the German Emperor, and has at all times continued in that purpose. He has since the declaration of war obtained a correctly certified copy of his declaration, and has sworn to his renunciation of German allegiance by actually filing his petition since war was declared. There is no statute forbidding the filing of a petition while a state of war is existing. On the contrary, such petitions should be received when offered, and will go far to show the real purpose of those honestly acting with loyalty to the United States. But the law of April 14, 1802, as amended by the act of July 30, 1813 (section 2171, R. S.), prohibits the admission "then"—i. e., during the war—of a subject or denizen of the country at war with the United States. The court might have allowed the applicant to file his application before the declaration of war and the accidental omission of a clerical signature could have been later supplied. But the court has not the power to actually receive the petition after the declaration of war and "then" complete a court proceeding over which jurisdiction had not been obtained before the declaration.

The statute was enacted when the application and hearing could be completed at one hearing. The present law compels the elapse of 90 days before final hearing, and the case of United States v. Meyer, 241 Fed. 305, 154 C. C. A. 185, established the law for this circuit by excluding from the effect of section 2171 those cases in which the application was made (petition filed) before the declaration of war. But this does not allow the court to file nunc pro tunc those petitions which the court might feel would, if some physical occurrence had not intervened, have been actually on file. In this view of the matter the question of responsibility for the applicant's misfortune cannot change his actual status.

The application for mandamus will be denied.