## In re WEISZ.

(District Court, N. D. Georgia. March 21, 1918.)

ALIENS ⬤=61—NATURALIZATION—"TIME OF APPLICATION."

In Rev. St. § 2171 (Comp. St. 1916, § 4362), which provides that "no alien who is a native citizen or subject, or a denizen, of any country, state, or sovereignty with which the United States are at war, at the time of his application, shall be then admitted to become a citizen of the United States," the words "at the time of his application" refer to the time when the application for citizenship is properly filed in the office of the clerk of the court in the district of which he is at the time a resident.

In the matter of the application of Eugene Weisz for naturalization. Certificate granted.

Applicant in pro. per.

Hooper Alexander, U. S. Atty., and J. W. Henley, Asst. U. S. Atty., both of Atlanta, Ga.

NEWMAN, District Judge. The applicant for naturalization here was born in Hungary and is a native of that country. The United States declared war against Austria-Hungary, the proclamation being dated December 11, 1917. This man's application for naturalization was filed before that time, to wit, on December 4th. He and his witnesses have been examined thoroughly in open court, and I think he is entirely loyal to the United States in every way, and will do his full duty as a soldier for our government. He was for many years an enlisted man in the United States army and was recently appointed a lieutenant in the army.

The question which arises in his case, and the only question, really, is whether or not, under section 2171 of the Revised Statutes, he is entitled to be naturalized, notwithstanding his nativity in a country with which the United States is now at war. The act of Congress embodied in that section (section 2171) is:

"No alien who is a native citizen or subject, or a denizen, of any country, state, or sovereignty with which the United States are at war, at the time of his application, shall be then admitted to become a citizen of the United States," etc.

The courts have differed about what is "the time of application" construing this law properly. Some United States courts have held what is to me the natural and proper construction of this language, "at the time of his application," as being the time he files his application for citizenship properly in the clerk's office of the court in the district of which he is at the time a resident. Some other courts have held that the "time of his application" is the time that he appears in open court to

have his application passed upon. The cases which take the former view are In re Kreuter et al. (D. C.) 241 Fed. 985, decided by Judge Trippet, in California, and In re Nannanga (D. C.) 242 Fed. 737, decided by Judge Speer in the Southern district of Georgia.

The principal case, and the strongest case, for the reasons which will be named, is the case of United States v. Meyer, 241 Fed. 305, 154 C. C. A. 185. That case was decided by at least two District Judges in the District Court, because in the opinion in the Circuit Court of Appeals, to which it went, the judgment of the District Court is referred to as being by the "judges," in the plural, indicating that more than one judge had passed upon it in the District Court; but I am unable to find that decision, except as it is referred to and quoted in the decision by the Circuit Court of Appeals. The judgment of the District Court was affirmed by the Circuit Court of Appeals; and the opinion is the one to which I have referred. 241 Fed. 305, 154 C. C. A. 185. It is there held by a majority of the court, Judge Hough dissenting, that the time the application is filed in the clerk's office is to be considered in action taken under this section. This, as I have stated, is the only decision by a Circuit Court of Appeals, so far as I have found, in the reports, and I think should control in this matter.

The decisions to the contrary are a decision by Judge Geiger (In re Naturalization of Subjects of Germany [D. C.] 242 Fed. 971), by Judge Rose (In re Jonasson [D. C.] 241 Fed. 723), and by Judge Neterer (In re Duus [D. C.] 245 Fed. 813).

There is no question whatever in my mind, except the opinions of the learned judges who have held to the contrary, that "at the time of his application," as used in this section, refers naturally and necessarily to the time he makes his application for naturalization. To give it any other construction, it seems to me, would be doing violence to the words, and giving an interpretation to the language which was not intended by Congress. At all events, I shall be controlled by the decision of the only Circuit Court of Appeals which has passed on the question; the District Judges in the various districts, who have had this matter under consideration, being divided on the subject.

The applicant having otherwise satisfied the court that he is of good character, of the fact that he has been twice honorably discharged from the army of the United States, with "excellent" on each discharge, and that he is entirely loyal to the United States, and will render it proper service if called upon, even against the country where he was born, I think he is entitled, under the statute, to be naturalized, and he will accordingly have the oath administered to him and receive his certificate of citizenship.