## In re MALLARI.

(District Court, D. Massachusetts.    October 30, 1916.)

### No. 6778.

1. ALIENS ⬯61—CITIZENSHIP—ALL PERSONS—PHILIPPINE ISLANDERS.

Naturalization Law (Act June 29, 1906, c. 3592) § 30, 34 Stat. 606 (Comp. St. 1913, § 4366), authorizes the admission to citizenship of all persons, not citizens, who owe permanent allegiance to the United States, and who may become permanent residents of any organized territory of the United States. Rev. St. § 2169 (Comp. St. 1913, § 4358), which originally formed a part of Naturalization Act July 14, 1870, c. 254, § 7, 16 Stat. 256, as amended by Act Feb. 18, 1875, c. 80, § 1, 18 Stat. 318, provides that the provisions of the title shall apply to aliens who áre free white persons and to aliens of African nativity and persons of African descent. The purpose of section 30, as shown by the congressional records, was to open American citizenship to citizens of Porto Rico and the Philippines, which were acquired as a result of the Spanish-American War, there being no way in which residents of such territory, whatever their race, could be admitted to citizenship in the United States, because they were not aliens. *Held* that, as section 30 declares that it shall apply to all persons, it includes residents of the new possessions who are neither white persons nor of African nativity or descent; the restrictions in section 2169 obviously being intended to apply only to aliens.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 119–122; Dec. Dig. ⬯61.]

2. ALIENS ⬯68—CITIZENSHIP—PROCEEDINGS.

Act July 26, 1894, c. 165, 28 Stat. 123 (Comp. St. 1913, § 4356), relating to the admission to citizenship of aliens honorably discharged from service in the navy without the required declaration of intention and residence, does not apply to a citizen of the Philippine Islands who served in the navy and was honorably discharged; such person being entitled to apply for naturalization only under Naturalization Law, § 30 (Act June 29, 1906), the requirement of which as to declaration of intention and residence must be complied with.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 138–145; Dec. Dig. ⬯68.]

In the matter of the petition of Francisco Mallari for naturalization.    Petition denied.

George W. Anderson, U. S. Atty., of Boston, Mass.
James Farrell, Chief Naturalization Examiner for New England, of Boston, Mass.

MORTON, District Judge.    The petitioner is a native of the Philippine Islands.    Both his father and mother were Filipinos.    He is a citizen of the Philippine Islands and resided there until he enlisted in the United States navy.    He is not a "white person" nor of African nativity or descent.    The principal question is whether he can be admitted to citizenship in the United States.

[1] The answer to this question depends upon whether section 30 of the Naturalization Laws (Act June 29, 1906, 34 Stat. 598) is re-

stricted by the provision of R. S. § 2169, to free white persons or persons of African nativity or descent. Section 30 provides in substance that:

"All the applicable provisions of the naturalization laws * * * shall apply to and be held to authorize the admission to citizenship of *all persons* [italics mine], not citizens, who owe permanent allegiance to the United States and who may become residents of any * * * organized territory of the United States."

It is required of such persons that they shall make a declaration of intention to become a citizen at least two years prior to admission and must have resided within the jurisdiction of the United States owing such permanent allegiance for five years.

The act of which section 30 forms part was obviously intended to cover fully the subject of naturalization. It repealed various sections of the Revised Statutes; but it did not repeal section 2169, which originally formed part of the naturalization act of 1870 as amended in 1875, and which provides that:

"The provisions of this title shall apply to *aliens* [italics mine] being free white persons and to aliens of African nativity, and to persons of African descent."

Until the passage of section 30, supra, only persons described in section 2169 could be naturalized.

The history of section 30 is, broadly speaking, as follows: As a result of the Spanish-American War, the United States acquired certain territory, the inhabitants of which were held to be neither aliens nor citizens of the United States. There was then no way in which such persons, whatever their race, could be admitted to citizenship here, because they were not "aliens"; and section 2169 extended the benefit of our naturalization laws only to aliens. This left a large class of persons, of various races, who owed allegiance to the United States, but who were incapable of obtaining citizenship here, and were more unfavorably treated by our laws than aliens from foreign countries. To meet this situation section 30, supra, was passed. It originated in an amendment offered by Senator Foraker when the bill (H. R. 15442) was under discussion in the Senate. (See Congressional Record, vol. 40, pt. 10, p. 9359, June 27, 1906.) It was then stated by Senator Foraker that this amendment had special reference to Porto Rico and the Philippine Islands. The discussion in the Senate clearly shows that that was the understanding which the Senate had of it. (For the legislative history of the bill, see Congressional Record, same volume, pp. 9360, 9381, 9407, 9505, 9576, 9680, 9691, 9777, and 9807.) In offering the amendment Senator Foraker stated that it had been passed by the Senate of the preceding Congress (the 58th); and there is an interesting discussion of it in Congressional Record, vol. 38, pt. 2, p. 1254 et seq. (See, too, Id. pp. 1657, 1754, and 1880.) The point now under consideration seems not to have been clearly brought to the attention of Congress. In the 59th Congress Senator Lodge presented a report entitled "Naturalization of Residents of the Philippine Islands," etc. (59th Congress, First Session, Senate Document

336); but the provision of the bill then under consideration—which was not passed—was so different on the point under discussion as not to throw much light on the present question.

The congressional debates on the matter may, I think, be fairly summarized by the statement that Congress evidently had clearly in mind to open American citizenship to citizens of Porto Rico and of the Philippine Islands, and did not have in mind any limitation on that right based on race or nativity, nor any distinction between citizens of those dependencies in respect to their right to become citizens of the United States. The language of section 30, "all persons," etc., is plainly broad enough to include the petitioner. It may well be that Congress would think it wise to impose certain limitations of race or nativity on the right of aliens to become citizens, which it would not think proper to impose on persons already owing allegiance to the United States and citizens of its dependencies. It seems to me that section 2169, relating as it does wholly to aliens, is not one of the "applicable provisions of the naturalization laws" referred to in section 30, relating only to non-aliens, and that its racial restrictions apply only to aliens, and not to the persons specified in section 30.

It follows that upon a showing of residence, as prescribed in section 30, the petitioner would be entitled to admission to citizenship here. This conclusion is in accord with the opinion of Attorney General Bonaparte (27 Op. Atty. Gen. 12), with In re Monico Lopez (Supreme Court, District of Columbia, December 13, 1915), and with the position taken by the Department of Justice in advising the Bureau of Naturalization. (See letter of Mr. Davis, Solicitor General, to Secretary of Labor, Jan. 4, 1916.) In Re Alverto (D. C.) 198 Fed. 688, a different interpretation was placed upon the statute in question; but the actual result in that case may be supported on other grounds.

[2] The petitioner does not, however, attempt to show compliance with the provisions of section 30 in reference to declaration of intention and residence. He bases his petition on the act of July 26, 1894, relating to "aliens honorably discharged from service in the navy," which does not require such declaration or residence. This act was passed before section 30, supra. Section 30 extends to the persons included therein all applicable provisions of the naturalization laws as they then stood in 1906; but, upon the persons so reached, it imposes its own conditions, which they must meet in order to avail themselves of its benefits. For these reasons the present petition must be denied.