In re RALLOS.

(District Court, E. D. New York. April 23, 1917.)

ALIENS ⊜ 61—NATURALIZATION—PERSONS ENTITLED—"ALL PERSONS"—"APPLICABLE PROVISIONS OF THE NATURALIZATION LAWS."

　　Though Naturalization Act June 29, 1906, c. 3592, § 30, 34 Stat. 606 (Comp. St. 1916, § 4366), provides that the applicable provisions of the naturalization laws shall apply to and be held to authorize the admission to citizenship of "all persons," not citizens, who owe permanent allegiance to the United States and become residents of any state or organized territory, it is limited by Rev. St. § 2169 (Comp. St. 1916, § 4358), and Act May 6, 1882, c. 126, § 14, 22 Stat. 61 (Comp. St. 1916, § 4359), restricting naturalization to free white persons and persons of African nativity or descent, these being "applicable provisions of the naturalization laws."

　　[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 119–122.]

Petition by Penaro Rallos for leave to file a petition for naturalization. Petition denied.

Louis J. Castellano, of Brooklyn, N. Y., for petitioner.
Melville J. France, U. S. Atty., of Brooklyn, N. Y.

CHATFIELD, District Judge. The applicant for citizenship has resided in the United States for more than two years and within the Philippine Islands for more than the five years specified in section 30 of the Naturalization Law. He appears to have been a Spanish subject (or else a native inhabitant of the Philippine Islands) at the time of the Treaty of Paris, inasmuch as his father was a Spaniard and his mother a Philippino. He is not, however, a "white" person as the term is used in the Naturalization Law. In re Young (D. C.) 198 Fed. 715.

The case of In re Alverto (D. C.) 198 Fed. 688, sufficiently sets forth the statutes and treaty provisions, and this court agrees with the holding in that case, that section 2169, R. S. (Comp. St. 1916, § 4358), as

well as section 14 of the act of May 6, 1882 (22 Stat. at Large, p. 61), limit the provisions of section 30 of the act of June 29, 1906. Section 30 in terms extended to "all persons" in the Philippines and Porto Rico, and who became residents of a state of the United States, the right to declare their intention and to apply for citizenship, so far as the "applicable provisions of the naturalization laws" give them the right to do so. The reason for this is that the Naturalization Law was a law in terms applying only to aliens, and the persons in question in section 30 were not aliens. Gonzales v. Williams, 192 U. S. 1, 24 Sup. Ct. 177, 48 L. Ed. 317.

But the provisions defining those persons of all within any certain territory who may not become citizens, are certainly "applicable," in the sense that others cannot become citizens. A contrary interpretation would mean that Chinese, Japanese, and Malays could become citizens, if they were inhabitants of the Philippine Islands, so as to become citizens of the Philippines under the laws following the Spanish War, and if they thereafter moved to the United States.

The present applicant seeks to take advantage of the act of June 30, 1914 (38 Stat. 392, 395, c. 130), in order to use his honorable discharge in the place of the declaration of intention, and there would seem to be no reason why that section, even though it in terms states that "any alien" who has such discharge may apply, should not be also held "applicable" and expressly made to "apply to" any one who could bring himself within the other provisions of section 30. The distinction which is based upon this ground in the case of In re Mallari (D. C.) 239 Fed. 416, would seem to this court to be ineffectual, if under section 30 a Philippino, who is not a white person, could be naturalized.

The petition will be denied.