TAKUJI YAMASHITA ET AL. *v.* HINKLE, SECRETARY OF STATE OF THE STATE OF WASHINGTON.

CERTIORARI TO THE SUPREME COURT OF THE STATE OF WASHINGTON.

No. 177. Argued October 3, 4, 1922.—Decided November 13, 1922.

1. Persons of the Japanese race, born in Japan, are not entitled, under Rev. Stats., § 2169, to become naturalized citizens of the United States. P. 200. *Ozawa v. United States, ante,* 178.
2. A judgment purporting to naturalize persons whose ineligibility appears on its face, is without jurisdiction and void. P. 201.

Affirmed.

CERTIORARI to a judgment of the Supreme Court of Washington which denied the application of the petitioners for a writ of mandamus to require the respondent, as Secretary of State of Washington, to receive and file their articles of incorporation. This case was argued with *Ozawa v. United States, ante,* 178.

*Mr. George W. Wickersham,* with whom *Mr. Corwin S. Shank* was on the brief, for petitioners.

*Mr. L. L. Thompson,* Attorney General of the State of Washington, with whom *Mr. E. W. Anderson* was on the brief, for respondent.

*Mr. U. S. Webb,* Attorney General of the State of California, and *Mr. Frank English,* by leave of court, filed a brief as *amici curiae.*

MR. JUSTICE SUTHERLAND delivered the opinion of the Court.

This case presents one of the questions involved in the case of *Takao Ozawa* v. *United States,* this day decided, *ante,* 178, viz.: Are the petitioners, being persons of the Japanese race born in Japan, entitled to naturalization under § 2169 of the Revised Statutes of the United States?

Certificates of naturalization were issued to both petitioners by a Superior Court of the State of Washington prior to 1906, when § 2169 is conceded to have been in full force and effect.

The respondent, as Secretary of State of the State of Washington, refused to receive and file articles of incorporation of the Japanese Real Estate Holding Company, executed by petitioners, upon the ground that, being of the Japanese race, they were not at the time of their naturalization and never had been entitled to naturalization under the laws of the United States, and were therefore not qualified under the laws of the State of Washington to form the corporation proposed, or to file articles naming them as sole trustees of said corporation. Thereupon petitioners applied to the Supreme Court of the State for a writ of mandamus to compel respondent to receive and file the articles of incorporation, but that court refused and petitioners bring the case here by writ of certiorari.

Upon the authority of *Takao Ozawa* v. *United States, supra,* we must hold that the petitioners were not eligible to naturalization, and as this ineligibility appeared upon the face of the judgment of the Superior Court, admitting petitioners to citizenship, that court was without juris-

diction and its judgment was void. *In re Gee Hop,* 71 Fed. 274; *In re Yamashita,* 30 Wash. 234.

The judgment of the Supreme Court of the State of Washington is therefore

*Affirmed.*