## In re FISHER.

District Court, N. D. California, S. D. October 18, 1927.

No. 10913.

**Aliens ⚖61—Person of part Chinese blood held not free "white person," entitled to naturalization (8 USCA § 359).**

One whose mother was Chinese, and whose father was the son of a Portugese father and Chinese mother is not a free "white person," within Rev. St. § 2169 (8 USCA § 359), limiting naturalization to certain bloods.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, White Person.]

Application by Antonio Jose Fisher for naturalization. Petition denied.

ST. SURE, District Judge. The applicant has fully met every requirement of the naturalization statutes except that stated in section 2169, Revised Statutes (8 USCA § 359), relating to racial limitation. Applicant's grandfather was a full-blooded Portugese, and his grandmother was a native Chinese living on the Island of Macao, a Portugese possession near Hongkong, China. His father married a Chinese native of Macao. Applicant claims to be a "free white person" through Portugese strain on the paternal side.

"Free white persons" includes members of the white or Caucasian race, as distinct from the black, red, yellow, and brown races.

United States v. Balsara (C. C. A.) 180 F. 694; In re Najour (C. C.) 174 F. 735; In re Ellis (D. C.) 179 F. 1002; In re Alverto (D. C.) 198 F. 688; In re Akhay (D. C.) 207 F. 115. Our Supreme Court has definitely settled the question so far as full-blooded natives of China and Japan are concerned by declaring that they are not white persons, and therefore not entitled to citizenship. See latest cases of United States v. Thind, 261 U. S. 204, 43 S. Ct. 338, 67 L. Ed. 616, and Ozawa v. United States, 260 U. S. 178, 43 S. Ct. 65, 67 L. Ed. 199; Yamashita v. Hinkle, 260 U. S. 199, 43 S. Ct. 69, 67 L. Ed. 209.

Applicant comes within the class of persons of mixed blood. In re Camille (C. C.) 6 F. 256, it was held that a person of half Indian blood, whose father was a white Canadian and his mother an Indian woman, is not a "white person," within the meaning of section 2169. In re Rallos (D. C.) 241 F. 686, it was held that one whose father was a Spaniard and his mother a Filipino is not entitled to naturalization. Also in Re Lampitoe (D. C.) 232 F. 382, it was held that the son of a Filipino mother and a father who was half Filipino and half Spanish is not a white person, and is not entitled to naturalization. In Re Knight (D. C.) 171 F. 299, it appeared that the petitioner was born on a British schooner in the Yellow Sea. His father was an Englishman, and his mother half Chinese and half Japanese, and their marriage occurred at Shanghai under the British flag. The petitioner enlisted in the United States navy off the coast of China in 1882, and first came to the United States in 1892. He had served honorably since his enlistment until his application, when he was 43 years old. It was held that petitioner was not a "free white person." In Re Young (D. C.) 198 F. 715, petitioner was born at a place in Yokohama, Japan, under the dominion of the empire of Germany, of a German father and Japanese mother. It was held that he was not entitled to naturalization, for the reason that he was not a white person. The court said that the right to become naturalized depended upon parentage and blood, and not upon nationality and status.

It seems clear to this court that applicant Fisher is barred by the provisions of section 2169, and his petition is therefore denied.